GEORGE S. HYDE v. F. M. WHITE, COMMISSIONER, &c.

A bill which has passed both houses of the legislature, and been presented to the governor, for his approval, within less than twenty-four hours previous to the time of the adjournment of the legislature, and when an intervening day between the presentation, and the adjournment, could not have elapsed, does not become a law, if it be neither returned by the governor to the house in which it originated, nor appear to have received in any way the executive sanction.

APPEAL from Travis.   Tried below before the Hon. Alexander W. Terrell.

This was a suit brought by George S. Hyde, against Francis M. White, commissioner of the General Land Office, praying for a writ of *mandamus*, against the defendant, to compel him to issue to the plaintiff an augmentation certificate for 836 acres of land, which he alleged was required to be issued to him, by an act of the legislature of the State of Texas.

The petition charged, that the act for the relief of the plaintiff, was duly passed by both houses of the legislature, and was duly presented to the governor, for his approval, in the *evening* of the 15th day of February, 1858, and that the legislature adjourned on the 16th day of February, 1858.   That the governor took no action whatever upon the said act of the legislature, but suffered the same to remain in his office, without approving it, and without sending it back, with his objections, to the house, in which the said act originated.

The defendant demurred to the petition, upon the ground, that the said act of the legislature, as appeared from the petition, had never became a law, it not having been presented to the gover-

nor, twenty-four hours before the adjournment. The court sustained the demurrer, upon the ground assigned, refused to award the *mandamus*, and rendered judgment against the plaintiff for the costs of suit.

As a statement of facts, the parties agreed that the act was duly passed and presented on the 15th day of February, 1858, and that the legislature adjourned on the 16th of the same month, but that twenty-four hours had not elapsed, between the presentation and the adjournment.

*H. W. Sublett*, for the appellant.—The only question in this case, arises upon the construction to be given to the latter portion of the 17th section of the 5th article of the Constitution of the State, which reads as follows :—" Every bill presented to the governor, one day previous to the adjournment of the legislature, and not returned to the house in which it originated, before its adjournment, shall become a law, and have the same force and effect, as if signed by the governor."

The act of the legislature, under which Hyde claims his certificate, was presented to the governor, for his approval, in the evening of the 15th day of February, 1858, and the legislature adjourned before 12 o'clock, A. M., on the 16th of the same month ; so that twenty-four hours had not intervened between the presentation of the bill to the governor and the adjournment of the legislature. The governor took no action on the bill. The appellant claims that it became a law; and that is the only question in the case. Applying the same rules of construction to the constitution, which are invoked to ascertain the meaning of mere statutory enactments, it will be difficult to resist the weight and force of the authorities supporting the claim of the appellant.

The first important rule to be observed, and which should be kept constantly in mind, is, that in the computation of time, (except where the priority of acts, done on the same day, is in question,) the law recognises no fraction of a day. To this rule, it is believed, no exception can be found in the books. (See Pear-

point & Lord v. Graham, 4 Wash. C. C. Rep. 232, and cases there cited.) In all the older cases, it will be seen, that in the computation of time, from "*an act done,*" the day on which the act was done, as a *general rule,* was included in the computation, without reference to the reason of the thing. And we find this rule receiving the sanction of Mr. Justice STORY, as late as the case of Arnold v. The United States, 9 Cranch, Rep. 104.

But the appellant in this case, does not rely upon the authorities, which include the day on which an act was done, in the computation of time, upon general principles, without reference to the reason of the thing; but he *confidently* relies upon that *current* of authorities, which, in the computation of time, from " an act done," either *include* or *exclude* the day on which the act was done, according to the circumstances and reason of the thing, and adopt such construction, as will operate most to the ease of parties entitled to favor, and by which rights are secured and forfeitures avoided. (See O'Connor v. Towns, 1 Texas Rep. 107, where the authorities are fully and ably reviewed; and also Whitney v. Emmett, 1 Baldwin, C. C. Rep. 316.)

Assuming, then, the authorities to be as above stated, does the appellant, in this case, stand in a position which entitles him to favor, or to a liberal construction, to secure him in his rights? Both houses of the legislature, by a " solemn expression of legislative will," have declared that he was entitled to his augmentation certificate; and by their action in the premises, in presenting the bill to the governor, in the evening of the 15th, when it was known by their resolutions, that they would adjourn in the forenoon of the 16th, have indicated very clearly *their* construction of the constitutional provision bearing upon the question.

But it is contended, on behalf of the appellee, that although the appellant, Hyde, may occupy a position which should invoke a liberal construction in his behalf, yet it would not do to permit the act for his relief to go into effect, and to declare other acts, presented at the same time, to be of no effect. This is begging the question. No such construction is contended for. It is assumed, on the part of the appellant, that every bill passed

by a constitutional majority of both houses of the legislature, will be wise and just, and that it is the duty of the courts to carry them into effect, as far as possible. And again, it is argued in behalf of the appellee, that the legislature might present a bill to the governor, five minutes before 12 o'clock, P. M., of the 15th, and adjourn five minutes after twelve, (which would be on the 16th,) thus allowing the governor ten minutes within which to consider an important bill, and give it his sanction, or return it to the house in which it originated, with his objections. To this argument, we reply, that there is less danger to be apprehended from such unprecedented folly, than there is in that character of executive usurpation, which has been manifested in this case. The framers of the constitution have guarded well against hasty and improvident legislation. Bills, before they can become laws, have to be read on three several days in each house, " unless in case of great emergency, four-fifths of the house in which the bill shall be pending, may deem it expedient to dispense with this rule."

The legislature having complied strictly with the rules presented in the constitution, for its action in the passage of a bill, will the courts of the country give a construction to the latter part of the 17th section of Article 5 of the Constitution, that will defeat the *only* object which that portion of the Constitution was intended to accomplish ? That this provision of the constitution was intended solely to prevent executive usurpation, by " pocketing bills," and thus defeating the will of the people's representatives, needs no argument to prove. This, then, being the evident object of the constitution, will the courts hesitate to adopt such construction as will remedy the mischief intended to be prohibited ? It should be borne in mind, that when a bill is withheld by the governor, as in this case, no matter how meritorious it may be, or with what unanimity it may have passed both houses of the legislature, unless the construction for which we contend, is adopted, it cannot become a law. The arbitrary will of the executive may thus defeat the unanimous voice of both houses of the legislature.

Under this view of the subject, it is contended for the appellant, Hyde, that the day on which the bill was presented to the governor, for his approval, should be included in the computation of time; "because the act (of presentation) is the *terminus a quo* the computation is to be made, and there being, in contemplation of law, no fraction of a day, (unless when an inquiry as to a priority of acts done on the same day, becomes necessary,) the *terminus* is considered as commencing from the first moment of that day." (4 Wash. C. C. Rep. 232.) This construction is contended for: 1st. Because the appellant occupies a position which invokes a liberal construction in his behalf. 2d. Because the courts should adopt such a construction of the constitution, as will most effectually carry out the object of its makers. 3d. Because, in all doubtful questions, as between executive and legislative authority or will, it is safer and more congenial to the spirit of our institutions, to follow the popular branch of our government. 4th. Because, by adopting this rule, the ends of justice will be attained, without the violation of any well-settled principle of law, or the establishment of any new rule, calculated to interfere with future consistency in the administration of justice.

*Attorney-General,* for the appellee.—The construction which the appellant seems to have placed on the provision of the Constitution referred to, is, that if a bill is *presented* to the governor, within the twenty-four hours, constituting the day previous to the day on which the legislature adjourns, and is not returned to the house in which it originated, before the legislature adjourns, it becomes a law. If this be the true construction, the veto power which is vested in the executive, for wise purposes, is liable to be entirely defeated. Agreeably to this construction, if the bill had been presented to the governor five minutes before twelve o'clock P. M., on the 15th, and the legislature had adjourned five minutes after twelve o'clock A. M., on the 16th, the act would have become a law, unless it had been returned to the house in

which it originated; thus allowing the governor but *ten minutes* within which to consider the bill, and prepare his "objections."

In the case of O'Connor v. Towns, 1 Texas Rep. 107, this court decided, that no certain rule could be observed in the computation of time, from an act done, and that whether the day on which the act was done, or event happened, is to be included or excluded, must depend upon the *circumstances and reason of the thing*, so that the *intention* may be effected. In this connexion, it might well be asked, what *reason* is there in frittering away, by construction, an important power given to the governor, by the framers of the constitution? The obvious *intention* of the convention that framed the constitution, was to give the governor *one clear day*, within which to consider a bill, and return it to the house in which it originated. Any other construction, it seems to me, would be contrary to the *reason of the thing*, and in defiance of the *intention* of the framers of the constitution.

The appellant calls to his aid, those authorities which recognise the doctrine, that "in the computation of time from an act done, the day on which an act was done is included in the computation, *without reference to the reason of the thing.*" There is a great diversity of decisions in regard to the rule for the computation of time "from an act done;" but it is believed, that the authorities greatly preponderate in favor of the rule, that, in computing time from "an act done," the day on which the act is done should be excluded. In the case referred to, of O'Connor v. Towns, our own court say, that *no* rule should be observed, and that the *intention* should be the governing principle. If, however, a rule is insisted upon, that case may be referred to as establishing the rule against the appellant.

There is certainly not more reason for applying this rule to that provision of the statute requiring a citation to be "executed *five days before* the return day thereof," than there is to that clause of the Constitution, providing that bills shall be "presented to the governor *one day previous* to the adjournment," &c.

In the case of Goswiler's Estate, 3 Penn. Rep. 200, which

Hyde v. White.

was decided many years after the case of Pearpoint & Lord v. Graham, the following language was held: "Wherever, by rule of the court, or act of the legislature, a given number of days is allowed to do an act, or it is said an act may be done within a given number of days, the day on which the rule is taken, or decision made, is excluded. (See also, Sims v. Hampton, 1 Serg. & Rawle, 411; Cornell v. Moulton, 3 Denio, Rep. 12.) In computing statute time, the first day, or the day on which the time begins to run, is excluded. (Judd v. Fulton, 10 Barb. Sup. Ct. Rep. 117. The same principle is recognised in Weeks v. Hull, 19 Conn. Rep. 376; Wiggin v. Peters, 1 Met. 127, 129; King v. Moore, Jefferson, 9; Homes v. Smith, 4 Shep. 181; see also, Burr v. Lewis, 6 Texas Rep. 81. The doctrine, that in law there is no fraction of a day, is a mere legal fiction, and is true only in cases where it will promote right and justice. (In the matter of Richardson, 2 Story, 571; Johnson v. Pennington, 3 Green, 188.)

ROBERTS, J.—We are of opinion, that the court did not err in giving judgment for the defendant below. The constitution provides, that "every bill presented to the governor, one day previous to the adjournment of the legislature, and not returned to the house in which it originated before its adjournment, shall become a law, and have the same force and effect as if signed by the governor." The bill was passed, and presented to the governor on the 15th day of February, 1858; and the legislature adjourned on the next day, the 16th, in less than twenty-four hours from the time of the presentation. There is no evidence that the governor, or any of the executive officers, have recognised this bill as a law. The object of this suit is to try the question, as to whether it is a law or not. The controversy is made by the parties to turn upon the proper construction of the above recited clause of the constitution.

No authorities have been cited, having reference to the validity of legislative acts. The rule of construction, in the computation of time, was elaborately discussed in the case of O'Connor v.

Towns, 1 Texas Rep. 107. The decision was in relation to the service of process, "five days before the return day thereof." It was held, that there must be five entire days between the day of the service and the day of the return. A very important consideration in that case was, that the five days was the term of time allowed by the statute for the defendant to prepare himself for trial, and attend the court, if necessary. Where any preparation was necessary, five days was a short time within which to make it. In view, then, of the object and terms of the statutory provision, it was determined that the defendant should have five entire days before the return day. After a review of the authorities, it was concluded in that case, that in applying the proper rule of construction, "the intention is made the governing principle, and this being ascertained from the context, or subject-matter, must be enforced; and ought not to be defeated by frivolous distinctions, or niceties of grammatical construction."

The phraseology to be construed in this case, is similar to that in the case of O'Connor v. Towns. In this case, it is, that the bill must be presented to the governor "one day *previous* to the adjournment;" in that case it was that the service of process must be executed "five days *before* the return day." The object of the provision in this case, is similar to the object in that; to give a certain period of time for something to be done. And if the shortness of the time, in preparing for trial, was an important consideration in that case, the shortness of the time allowed the governor to examine and pass upon the merits of this bill, and perhaps numerous others, is certainly no less so in this case.

The case of O'Connor v. Towns, therefore, furnishes a precedent, fully sustaining the decision of the court below. Under the rule of construction, adopted in that case, the bill should have been presented on the 14th day of February, leaving one entire day, to wit, the 15th, between the day of presentation and the day of the adjournment. It is not necessary, however, that we should decide in this case, that the rule should be extended, so far as to allow one entire intervening day. A full

Hyde v. White.

consideration of this clause of the Constitution, may lead to the conclusion that the word *day* is used as a measure of time— twenty-four hours; and not as a mere point of time, as it is usually regarded in judicial interpretations, where the priority of several acts, done on the same day, do not have to be adjudged. If the day of adjournment is regarded as a mere point of time, to be entirely excluded in the computation, then the governor could not return a bill on that day, if it had been presented to him in time; whereas, by the plain language of the clause, he may return it at any time before the moment of adjournment. In this connexion, too, it is to be recollected, that this clause was adopted by the convention, under a knowledge of the well known habits of legislatures, in terminating and completing a large portion of their business during the last days of the session; and also that it is usual to appoint in advance, by a joint resolution, not only a day, but a particular hour of that day for the adjournment.

Whether it be held, that the word *day* is twenty-four hours from the moment of adjournment, and used as a *measure of time,* allowed the governor to consider of, and act on the bill, or is an entire day, regarded as an intervening point of time, between the day of presentation and the day of the adjournment, this case does not require us to decide. One or the other construction must be adopted, and under either, it must be determined that a sufficient time was not allowed the governor, in the presentation of this bill; and that it did not become a law by force of its not having been returned by him to the house in which it originated, before the adjournment of the legislature. Judgment is affirmed.

Judgment affirmed.