Whaley, Judge,
delivered the opinion of the court:
The plaintiff brings this suit to recover the sum of $900,-000 allegedly due by virtue of an alleged act of Congress known as H. It. 4178. The bill was passed by the 74th Congress in the first session on J anuary 30, 1936, was duly signed and attested by the Speaker of the House of Representatives and the Vice-President of the United States, and was on that date presented to the President of the United States in accordance with the requirements of Article 1, Section 7, Clause 2, of the Constitution, which provides:
* * * If any bill shall not be returned by the President within ten days (Sundays excepted) after it shall have been presented to him, the same shall be a law, in a like manner as if he had signed it, unless the Congress by their adjournment prevent its return, in which case it shall not be a law.
J anuary 30,1936, fell on the last Thursday of that month and February 11, 1936, fell upon the second Tuesday of that month and therefore two Sundays, February 2 and February 9, were within that period.
The defendant has interposed a demurrer to the complaint.
• The plaintiff contends that the President failed to return the bill within the time specified by the Constitution and therefore the bill became a law, and the sum became due and payable.
Both parties agree that the sole question involved is whether in the computation of the ten-day period, as set forth in Article 1, Section 7, Clause 2, of the Constitution of the United States, the day of presentation should be included or excluded.
The plaintiff contends that in construing the words of the Constitution the meaning of those words is to be deter *685 mined by ascertaining the meaning which, those words had at the time of the adoption of the Constitution and that, if this rule is applied — the common law doctrine of including both the day of presentation and the last day — the time given to the President in which to act on the bill had expired when it was returned to the House in which it had originated and the bill had become a law without his signature. It is true that the common law rule did in some cases include both days but this was not an invariable rule. It was subject to the circumstances of each case. In the furtherance of justice in a particular case both dates would be included. In another instance, one of the days would be excluded. It was a flexible rule which had as its aim the ends of justice.
There is nothing in any of the cases cited by the plaintiff which would justify us in making a conjectural opinion of what the framers of the Constitution intended when it was adopted. We prefer to follow the modern doctrine which excludes the day of presentation and includes the last day as being a more just and reasonable rule. The object of giving the President ten days after the presentation of the bill to him could have but one meaning and that was to allow ten full days for consideration of the bill. If the day of presentation were to be included and the act of presentation was accomplished during the dying hours of that day, the President would not have the full time as provided for in the Constitution but only the fractional part of the first day.
In the case of Sheets v. Selden, 2 Wall. 177, 190, the Supreme Court announced the rule for the computation of time in the construction of contracts and statutes to be as follows:
* * * The general current of the modern authorities on the interpretation of contracts, and also of statutes, where time is to be computed from a particular day or a particular event, as when an act is to be performed within a specified period from or after a day named, is to exclude the day thus designated, and to include the last day of the specified period.
The Judiciary Committee of the Senate followed this rule when the question arose in the Senate of the United States *686 upon a message from the President that a bill had not been presented to him within the ten days allowed after its presentation before adjournment of the Congress. 4 Hinds' Precedents, §3494, page 341.
Although this question seems never to have arisen before in the construction of this provision of the Federal Constitution, it has arisen in many States of the Union which have similar or like provisions. The variations in the state provisions from the Federal provision are slight and generally relate to the number of days allowed an executive of a state in which to approve an act presented by the Legislature. The highest courts of the states have followed the rule, in computing time when an act is to be performed within a particular time, of excluding the specified day and including that upon which the act is to be performed. By the exclusion of the day of presentation, the full ten days are given for consideration of the bill. The exception of Sundays emphasizes the intention of the framers of the Constitution to give the entire ten days. State v. Michel, 52 Ala. 936; Ex parte Massie, 131 Ala. 62; State v. Sessions, 84 Kansas, 856; Garter v. Henry, 87 Mississippi, 411; People v. Hatch, 33 Illinois, 9; Corwin v. Comptroller General, 6 S. C. 390; Beaudeanv. City of Cape Girardeau, 71 Missouri, 392; Hyde v. White, 24 Texas, 137; Stinson v. Smith, 8 Minnesota, 366; and Pnce v. Whitman, et al, 8 California, 412.
Applying this rule of excluding the day of presentation and including the last day, and taking out the two Sundays, the bill was vetoed by the President and returned to the House in which it had originated within the ten days prescribed by the provision of the Constitution. We hold that the bill was returned by the President within the time provided by the Constitution.
The demurrer is sustained and the petition is dismissed. It is so ordered.
Williams, Judge; Littleton, Judge; Gkeen, Judge; and Booth, Chief Justice, concur.