## Uhler *versus* Applegate.

Where A. gave to B. his single bill for $1000, dated the 2d of April, 1851, payable one year after date, and before its maturity, A. and B. agreed on Sunday, without the knowledge or consent of the surety, that if A. would pay to B. $160, on the 1st day of April, 1852, being one day before the maturity of the single bill, B. would extend the time for the payment of the balance for one year from that time ; and A. on the 1st April, 1852, paid the $160—which B. received and credited on the single bill : It was *Held*,

1st. That the agreement was made on sufficient consideration :

2d. Such agreement if proved to the satisfaction of the jury would discharge the surety who had not consented to it.

3d. That the agreement though made on Sunday, and void as an executory agreement, the payment of the money afterwards, and its receipt by the obligee, constituted a new contract which was binding on the parties.

ERROR to the Common Pleas of *Northampton county*.

This was an action of debt by George Applegate, against Peter Uhler.

On the 2d of April, 1851, E. S. Dalton borrowed $1000 from the plaintiff, and gave his single bill of that date for the amount, with John Purcell and Peter Uhler, the defendant, as sureties, payable *one year after date*. Before the maturity of the single bill, being in March, 1852, Applegate, the plaintiff, and Dalton, the principal debtor in the single bill, met, and Applegate agreed that if Dalton would pay him $160 on the 1st of April, 1852, he would give him further time for one year to pay the balance, to which Dalton agreed. This agreement was made on Sunday. On the 1st of April, Dalton paid the $160 in accordance with the agreement. Uhler was no party to this arrangement, which was made without his knowledge or consent. Some time in May, 1852, Dalton paid $100 more, and about the same time this suit against Uhler, one of the sureties, was instituted.

The defendant contended that he was discharged by the agreement of the plaintiff, giving further time to the principal, without his knowledge or consent.

The plaintiff contended that the agreement for giving time, was void ; because it was without consideration, and also because it was made on Sunday.

The court below directed a verdict for the plaintiff, for the balance due, $948.52.

The defendant thereupon sued out this writ, and assigned for error, the instructions of the court below to find for the plaintiff.

[Uhler v. Applegate.]

*Maxwell*, for plaintiff in error.—The agreement to give further time discharged the surety: Commissioners of Berks v. Ross, 3 *Binn.* 520; Merchants and Mechanics Bank v. Bank of Pennsylvania, 7 *W. & Ser.* 335; Clippinger v. Kreps, 2 *Watts* 45; Dundas v. Sterling, 4 *Barr* 79; Miller v. Stem, 2 *Jones* 383; *Theo. on Prin. & Sur.* 111–120; *Fell on Guar.* 194; Moore v. Bowmaker, 7 *Price* 233; *Par. on Con.* 512–13.

The debt was not due till 2d or 3d of April, the payment was made on the 1st. The law does not weigh the quantum of consideration: Hind v. Holdship, 2 *Watts* 105; Green v. Williston, 2 *Binn.* 162; Mercer v. Lancaster, 5 *Barr* 162; *Chitt. on Con.* 19; Esling v. Zantzinger, 1 *Harris* 53; Harlem v. Harlem, 8 *Harris* 307.

Although the first agreement was made on Sunday, it was subsequently ratified when the money was paid and received. It would not have been void at common law: Kepner v. Keefer, 6 *Watts* 233; Fox v. Mensch, 3 *W. & Ser.* 446. Such contracts are valid if affirmed on a subsequent day: Adams v. Gay, 19 *Verm. Rep.* 358; *Chitt. on Con.* 374, *note*; 4 *M. & P.* 352; Williams v. Paul, 6 *Bing.* 635; *Chitt. on Con.* 726, 423.

*Brown* and *Green*, for defendant in error.—It is not disputed that a valid and binding agreement to give time to the principal, will discharge the surety. But it must be such as will in law amount to an estoppel, and prevent the creditor from bringing suit before the expiration of the extended time, and must be on sufficient consideration: Miller v. Stem, 2 *Barr* 287; *Chitty on Bills* 412; United States v. Simpson, 3 *Pa. Rep.* 440; 1 *Par. on Con.* 512–13, *note y*. The idea of anticipation of payment did not enter into the contemplation of the parties. The point was not made in the court below. There was no consideration whatever; Smith v. Bartholomew, 1 *Metc.* 276–8. Contracts made on Sunday are *void*, and therefore incapable of ratification; Kepner v. Keefer, 6 *Watts* 231, 32, 33; Northrop v. Foote, 14 *Wend.* 248; 2 *Bouv. Law Dict.* 1048; Jackson v. Somerville, 1 *Harris* 360; Williams v. Paul, 6 *Bing.* 652; Simpson v. Nichols, 3 *Mees. & Wel. Ex. Rep.*; Russell v. Buck, 11 *Verm.* 166; *Smith on Con.* 86, *Am. ed.*; Adams v. Gay, 19 *Verm.* 358.

The opinion of the court was delivered by

Lewis, C. J.—The evidence tends to show that the plaintiff agreed with the principal in a single bill that if the latter paid $160 on account, *one day before it was payable by the terms of the obligation*, the holder would wait with him one year for the balance. The material circumstance that the day on which the sum of $160 was to be paid was one day before the maturity of the bill, seems to have escaped the attention of all parties in the

[Uhler *v.* Applegate.]

court below. The court's attention does not appear to have been drawn to it, but as the point was presented by the evidence, and as the instruction was that "the plaintiff was entitled to recover," notwithstanding the evidence of the execution and performance of the contract, we are bound to notice the exact nature of the defence. If the contract for an extension of time had been founded upon the consideration of a payment, which the debtor was previously bound to make at the time specified, it would be void for want of consideration. But where the consideration is a payment *before* the party was bound to make it, the case is very different. Raising the money a single day in advance of the time fixed by the original bill may have been a great inconvenience to the debtor, and at the same time a corresponding advantage to the creditor. But the *amount* of inconvenience on the one side and advantage on the other are matters of no importance on a question of this kind. It is sufficient that one or the other existed in any degree, however slight. Here the bill was payable "one year *after* date." In the computation of time on such a bill the day on which it was dated is to be excluded: (*Chitty on Bills,* 268; *Byles on Bills* 160.) The year commenced on the 3d of April, the day "*after*" the date, and terminated at the last moment of time on the ensuing 2d of April. The payment on the 1st of April was therefore made one day before the debtor was bound by the original contract to make it. There was therefore a valid consideration. After the holder had received the full benefit contemplated when he made the engagement to wait another year, the refusal to fulfil it on the ground that the consideration was not sufficient to support the promise is a severe objection. The holder ought not to complain that so sharp a point is parried by another equally so.

The objection that the contract was made on Sunday is next to be considered. It was agreed between the plaintiff and the principal debtor that if the latter would pay $160 on the first of April the former would wait with him for a year for the balance. This agreement was made on Sunday; and no action could be maintained on it, nor could it answer as a defence, if standing alone, on the contract made on Sunday. Even if not made on Sunday it would fail to sustain the defence if it stood by itself. It depended entirely for its value as a defence upon an act to be performed afterwards—that is, the payment of the sum of $160, before the money was payable by the terms of the original contract. When that payment was made by the one party and accepted by the other, upon the terms perfectly understood by both, it constituted a perfect contract upon a valid consideration, free from any objection arising from the previous conversation on Sunday. It was a new contract, which the plaintiff was bound to perform. It is not the intention of the law that its regard for the

[Uhler *v.* Applegate.]

Sabbath day shall be made the means of perpetrating a fraud. If the contract was established to the satisfaction of the jury, and fully performed by the principal, it prevented the plaintiff from bringing any action on his claim against the latter until the expiration of the year, and thus deprived the sureties of their right to insist on immediate proceedings. It also deprived them of the value of the remedy to which they had a right of subrogation on payment of the claim. If this change was made without the consent of Uhler, it was a good defence to the action against him. The court ought to have submitted the case to the jury with instructions to that effect. It was error to direct a verdict for the plaintiff.

Judgment reversed and *venire facias de novo* awarded.