## Chestnut *versus* Harbaugh *et al.*

78 473
193 468

1. An executed contract is not void although made on Sunday.
2. The Sunday law of 1705 does not declare a contract made on that day void, but the law will not lend its aid to enforce an *executory* contract so made.
3. Lyon sold to Chestnut mules belonging to him and in the possession of Chestnut, who gave his note dated on Sunday, which he paid. *Held,* that the contract was not, for that reason void, if the mules had been delivered to Chestnut in pursuance of it.
4. The possession of Chestnut was primâ facie evidence of his title.

May 12th 1875. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Fulton county :* Of May Term 1875, No. 27.

This was an issue under the Sheriffs' Interpleader Act of 1848, extended to proceedings by attachment by Act of January 30th 1871, sect. 1, Pamph. L. 12, 1 Br. Purd. 54, pl. 76.

The issue was framed September 4th 1873, between George Chestnut, plaintiff, and James H. Harbaugh and Joseph Cessna, defendants.

The question in this issue arose under the following facts : James G. Lyon and John W. Lyon, residing in Fulton county in 1873, and being the owners of a number of mules, with their harness, &c., used them in their business in Bedford county. In July 1873, they removed their mules, &c., from Bedford county to their residence in Fulton county, which was with Chestnut, on premises belonging to him. At that time, they were indebted to Harbaugh and Cessna, the defendants. After the mules came to their residence, on the premises of the plaintiff, he selected two mules ; they sold them and their gears to him for $300, and on Sunday, July 27th 1873, Chestnut gave his note to John W. Lyon for that sum, payable in twelve months. On the same day Lyon removed the rest of the mules from plaintiff's premises and sold them to one of his creditors. On the 30th of July 1873, the defendants, alleging that the sales by the Lyons were fraudulent, issued an attachment out of the Common Pleas of Fulton county, under the Act of March 17th 1869, Pamph. L. 8, 1 Br. Purd, 53, pl. 71, *et seq.*, and attached the mules and gears, which had been bought by the plaintiff from Lyons. This issue was then framed. The questions raised upon the trial, were whether the sale to plaintiff was fraudulent and void as against the creditors of the Lyons, and whether it was void as having been made on Sunday. The latter question only is considered in the decision of the Supreme Court.

On the trial, August 5th 1874, before Rowe, P. J., the plaintiff testified that he bought the mules and harness at his home, about

[Chestnut *v.* Harbaugh.]

July 25th 1872, they were in his possession at the time; the note for the price, $300, was dated July 25th 1873, which was Sunday, and had been paid by him.   He bought the mules three or four days before the day on which the note was dated; he signed the note on that day; it was witnessed on that day, but was not delivered on Sunday.   The plaintiff's first and second points were :—

1. Whether the contract for the mules was made on Sunday or not, is immaterial in this issue between the parties thereto, and cannot avail the defendants to defeat the plaintiff's recovery.

2. If the jury believe, from the evidence, that the mules were determined upon, the price fixed, and delivery made to Chestnut, prior to Sunday the 27th day of July 1873, the mere fact that the note for the price was given on that day, would not avoid the contract.

The court refused the first point, and affirmed the second.

The defendants' second and third points were :—

2. If the jury believe, from the evidence, that the contract or bargain between the Lyons and the plaintiff was not fully consummated until Sunday, the 27th day of July, and that then the note for the mules and harness was signed and delivered, and that the bargain was consummated on that day, then the bargain or contract of purchase and sale of mules and harness was absolutely void, and the said property would stand, so far as creditors were concerned, as if there had been no sale of it to Chestnut, and the defendants having seized the property by their attachment on the 30th of July, their verdict must be for the defendants.

3. In the absence of other and better evidence that the contract or bargain for the sale of mules and harness was made previously to Sunday, the 27th of July, the fact that the note was signed and delivered on Sunday, if proven to the satisfaction of the jury, would be conclusive evidence that the contract or bargain was made on Sunday.

The court affirmed the second point, and in answer to the third said :—

" If you find the note was given on Sunday, that fact is one tending to show that the sale was consummated on Sunday, but there is other evidence in the case on this point, and upon a consideration of all of it you will determine how the fact was."

The court, in the general charge, said :—     *          *          *

" But further, we are to consider the effect of the making of the note on Sunday, if so made, and the effect of the consummation of the bargain on Sunday, if so consummated.

" If the note was delivered on Sunday it was void, but though the note was void if so made, and no recovery could be had on it, yet still the contract may be good, for the contract created the debt, and the note was only written evidence of the debt, and a debt may be good and enforcable in law when the note by which it is evidenced is not good.   You will observe the distinction

[Chestnut *v.* Harbaugh.]

between the debt and the evidence of it. If the contract was made on Sunday, that is, if the bargaining about the purchase was ended and concluded on Sunday, and an agreement finally reached on that day, then the contract was void, and no property passed by means of it to George Chestnut, and so the property was not his on Wednesday after when the creditors laid the attachment. But if the contract was consummated on a week day, a bargain struck and concluded, the fact that the note was given on Sunday would not vitiate the contract.·

["But if you believe the sale was not consummated until the giving of the note, and that that was the last act in the negotiations, until which they were not concluded, and that the note was given on Sunday, then the sale was void. The contract may be void, whether the mules were delivered on Sunday or not. There is no positive evidence that they were delivered on Sunday, nor is it ·clear when they were delivered; the jury must ascertain. But the question is not when the mules were delivered but when the contract of sale was consummated. If you believe this contract of purchase and sale between Lyon and Chestnut was consummated on Sunday, it was a void contract, whereby no property passed to Chestnut, and there was none in him at the time of the attachment, and if so, your verdict ought to be for the defendants, for the issue is to try in whom the right of property to the mules and harness was at the time the property was attached.] * * * If there was a bonâ fide sale to him, not made on Sunday, and on actual delivery of the property, your verdict ought to be for plaintiff, otherwise, for defendants."

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast; &ast;  &ast;  &ast;

The verdict was for the defendants. The plaintiff took a writ of error and assigned for error the answers to the plaintiff's first point and the defendants' second point; also, the part of the charge in brackets.

*J. McD. Sharpe* (with whom was *W. S. Alexander*), for plaintiff in error.—Contracts, although made on Sunday, if executed, will not be avoided : Shuman *v.* Shuman, 3 Casey 90 ; Bartlett *v.* Viner, Carthew 252 ; Fox *v.* Cash, 1 Jones 212 ; Baker *v.* Lukens, 11 Casey 146 ; Sherman *v.* Roberts, 1 Grant 261 ; Beitenman's Appeal, 5 P. F. Smith 183 ; Foreman *v.* Ahl, Id. 326 ; Kauffman's Appeal, 20 Id. 261 ; Smith *v.* Bean, 15 N. H. 577.

*F. Jordan* (with whom were *Smith* and *Robinson*), for defendants in error.—A contract in violation of the Lord's·day is absolutely void, and no subsequent recognition of it can give it validity : Bradley *v.* Rea, 14 Allen 20 ; Frim *v.* Donahoe, 35 Conn. 216 ; Pate *v.* Wright, 30 Ind. 476 : Ryno *v.* Darby, 20 New Jersey Eq. 231. No property can pass by means of a void contract :

[Chestnut *v.* Harbaugh.]

Dodson *v.* Harris, 10 Ala. 566; Ladd *v.* Rogers, 11 Allen 209; Woodman *v.* Hubbard, 5 Foster 67; Adams *v.* Gray, 19 Vermont 358; Williams *v.* Paul, 6 Bing. 653. A party cannot set up his own breach of the law against an innocent person: Fennell *v.* Ridler, 5 B. & C. 406; Bloxsome *v.* Williams, 3 Id. 232.

Mr. Justice GORDON delivered the opinion of the court, May 24th 1875.

We think the court erred in instructing the jury that if the contract of sale between Lyon and Chestnut was consummated on Sunday it was void, and no property in the mules passed to Chestnut, and there was none in him at the time of the service of attachment. We have many authorities, among others, Baker *v.* Lukens, 11 Casey 146, and Shuman *v.* Shuman, 3 Id. 90, which rule that an executed contract is not void because made on Sunday. The Sunday law does not pronounce such contracts void, but because they are *contra bonos mores* the law will not lend its aid to execute such as are executory. Where, however, as in the present case, they have been executed by the parties, the law leaves them as it finds them. From this it follows, that Chestnut having obtained the possession of the property in dispute, by a voluntary delivery from Lyon, as against him and all claiming through him, the title passed to and vested in Chestnut; for the contract, though immoral, is irrevocable, inasmuch as the courts will not aid either party in its revocation, but will leave him to reap the fruits of his own wrong. Such then being the situation of affairs, it follows that Chestnut's possession was primâ facie title, and if the transaction between him and the Lyons was not in fraud of, or designed to hinder or delay, creditors in the collection of their just dues, there is no reason why he should not recover in this suit. We may say, in passing, that this Sunday contract may be given in evidence as part of the history of the transactions between the parties, and may in this way bear upon the question of fraud. All other questions in the case were rightly ruled.

> The judgment is reversed and a *venire facias de novo* awarded.