# The Liebig Manufacturing Company, Appellant, v. Margaret C. Hill.

*Promissory note—Accommodation paper—Evidence.*

It is error, in a suit on a promissory note taken by the holder for value
and before maturity, to permit the introduction of evidence showing ab-
sence of consideration to the maker. A holder for value may recover though
he knew at the time he purchased that it was an accommodation note and
that there was no consideration between the maker and the payee.

*Province of court and jury—Foreign corporation—Act of April 22, 1874.*

The evidence being conflicting, the question whether certain transac-
tions between parties was a "doing business" by a foreign company in
this state, within the meaning of the Act of April 22, 1874, P. L. 108, is a
question for the jury under proper instructions from the court.

Argued Nov. 11, 1897. Appeal, No. 72, Oct. T., 1897, by
plaintiff, from judgment of C. P. Lancaster Co., Aug. T., 1896,
No. 52, on verdict for defendant. Before RICE, P. J., BEAVER,
REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Assumpsit on promissory note. Before LIVINGSTON, P. J.

This is an action of assumpsit brought by the plaintiff com-
pany, a corporation organized under the laws of the state of
New Jersey, against Margaret C. Hill on a promissory note made
by said Margaret C. Hill to the order of Eber E. Hilton for
$379.20.

Other facts appear in the opinion of the court.

The court directed a verdict for defendant in the following charge:

[Gentlemen of the jury: The statute prevents this company from doing business at all in Pennsylvania.] [4] I thought, in the first instance, he would show this had been a debt owing by somebody in another way. But this is doing business direct in Pennsylvania.

[This Mr. Smith furnished nothing but the formula, the names of the materials out of which this stuff was made;] [5] he furnished none of the materials; the goods were made by this company: he made none of them; they were shipped by this company upon his order; they came into Pennsylvania; [they were contracted for here by this company, and furnished by this company, which is contrary to the provisions of the act of assembly.] [6] [The parties will not be permitted to recover under the decisions.] [7]

I will, therefore, have to direct the jury to render a verdict in favor of the defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1–3) in admitting evidence under objection by the plaintiff as to the character of the note as accommodation paper. (4–7) Portions of the judge's charge, reciting same.

*J. W. Johnson,* for appellant.—It is well settled in Pennsylvania that the maker of an accommodation note cannot set up the want of consideration as a defense against it in the hands of a third person, though it be there merely as collateral security for a debt of the payee: Lord v. The Ocean Bank, 20 Pa. 384; Moore v. Baird, 30 Pa. 138; Newbold v. Boraef, 155 Pa. 227.

The plaintiff is not warranted in interposing the Act of April 22, 1874, P. L. 108, as a defense: Com. v. Shober, 3 Pa. Superior Ct. 554; Mfg. Co. v. Ferguson, 113 U. S. 727; Paul v. Virginia, 8 Wallace, 168.

*J. Hay Brown,* with him *W. U. Hensel,* for appellee.—The final and conclusive question, therefore, is whether or not a for-

eign corporation, having failed to comply with the terms on which alone such corporations can engage in business in Pennsylvania, can recover on a contract arising out of such business. The undisputed fact was, that this corporation had not filed a certificate with the secretary of the commonwealth. The unquestioned law, established by a long series of decisions, is that it has no standing to recover in the courts of Pennsylvania. The cases notably to the point are: Lasher v. Stimson, 145 Pa. 30; McCanna & Frazer Co. v. Trust Co., 74 Fed. Rep. 597; Hagerman v. Empire State Co., 97 Pa. 534; Thorne v. Ins. Co., 80 Pa. 15; Miller v. Ammon, 145 U. S. 421; Johnson v. Hulings, 103 Pa. 498.

" A foreign corporation which has not complied with the act of April 22, 1874, is not competent to enter into a contract such as that involved in this case," and any contract made under it is unlawful and void: Atherton v. Wilkes-Barre, 3 Kulp, 402.

No court will lend its aid to a party who grounds his action upon an immoral or an illegal act. The principle to be extracted from all the cases is, that the law will not lend its support to a claim founded on its own violation: Holt v. Green, 73 Pa. 198.

OPINION BY PORTER, J., February 19, 1898:

The defendant in this case seeks to escape liability on her promissory note: first, on the ground that she was known to the holder to be an accommodation maker, although the note was taken before maturity. We think the court below erred in permitting the introduction of the evidence showing absence of consideration to the maker. It was not matter of defense. The plaintiff was shown to be a holder for value and " a holder for value may recover though he knew at the time he purchased that it was an accommodation note and that there was no consideration between the maker and the payee. . . . Were it not so the purpose intended by the original parties to the paper would be defeated: " Moore v. Baird, 30 Pa. 138.

The second ground of defense and that upon which the court below directed a verdict to be entered for the defendant involves a consideration of the provisions of the act of April 22, 1874, which provides in its first section that " No foreign corporation shall do any business in this commonwealth until it shall have

established an office or offices and appointed an agent or agents for the transaction of its business therein" and in the second section that "It shall not be lawful for any such corporation to do any business in this commonwealth until it shall have filed. in the office of the secretary of the commonwealth a statement," etc.

The plaintiff was shown to be a New Jersey corporation whose business is the manufacture of phosphate. By the testimony of the witness, Hilton, called for the defendant, it appears that he had bought certain phosphate from the plaintiff through one John I. Smith. In payment for the phosphate and on account of a preceding debt to the Liebig Company the said Hilton gave the promissory note in suit to said Smith for the plaintiff company.

The testimony of the witness Smith is confusing and evasive in respect to his relationship to the plaintiff company. He says: "Q. Where do you live? A. Trenton, N. J. Q. How long have you been connected with the Liebig Manufacturing Co.? A. Since 1892. . . . Q. Were you the representative of the Liebig Manufacturing Co.? A. I represented them, and had goods made there, which I sold. Q. I asked you if you were the representative of the Liebig Manufacturing Company? A. I answered that. . . . Q. Were you an agent of the company? A. I don't know what you would call it. They made goods for me under my brands. Q. Were you the agent of the Liebig Manufacturing Co.? A. I don't know whether you would term that an agent or not. Q. Did you receive any pay from the Liebig Manufacturing Company? A. I got a percentage on the goods, that is, the goods that were made under my brands. Q. Who paid you for your services? A. I got a percentage. . . . Q. You got these notes and turned over the notes to the Liebig Manufacturing Co.? A. Yes, sir. Q. Did you send an order to the Liebig Manufacturing Co. to send these phosphates to Hilton? A. Yes, sir. Q. And they sent them on that order? A. Yes, sir. Q. You turned these notes in payment of these orders? A. Yes, sir."

Again, in the important matter of the shipment of the goods to Hilton, the testimony is contradictory. In one place the witness Smith testifies: "Q. They had been shipped to *him* [Hilton] from the Liebig Manufacturing Company? A. Yes,

sir." In another place Smith answers: "They were shipped to me;" and in still another place, "No, they were shipped in my name."

On this evidence, we think the court below was not justified in directing a verdict for the defendant. The question whether the transaction between these parties was a "doing of business" by the plaintiff company in this state within the meaning of the act of 1874, should have been left to the jury under proper instructions from the court.

This case must therefore be retried. We cannot anticipate what facts may be presented on the new trial. We, however, call attention to the views expressed by this court as to the meaning and effect of the act of 1874, in an opinion (filed since this case was tried) in the case of Blakeslee Manufacturing Co. v. Hilton, 5 Pa. Superior Ct. 184.

The assignments of error are sustained and a venire facias de novo is awarded.