## The Liebig Manufacturing Company, Appellant, *v.* Margaret C. Hill.

*Promissory note—Accommodation paper—Transfer by indorser after maturity.*

One who takes a note after maturity, takes it subject to all objections in respect to want of consideration, illegality and all other objections and equities affecting the instrument itself to which it was liable in the hands of the person from whom it was taken.

A transfer of a note by an indorser although made after maturity vests in the indorsee the indorser's rights which cannot be defeated on the ground that the note was accommodation paper.

Argued Nov. 18, 1898.    Appeal, No. 127, Oct. T., 1898, by
plaintiff, from judgment of C. P. Lancaster Co., Aug. T., 1896,
No. 52, on verdict for defendant.    Before RICE, P. J., ORLADY,
SMITH, W. W. PORTER and W. D. PORTER, JJ.    Reversed.

Assumpsit.    Before LIVINGSTON, P. J.

It appears from the record and evidence that this action was
brought by plaintiff against Margaret C. Hill, who resides in
this county, to recover the amount due upon a promissory note
for $379.20 made by her, and dated December 28, 1893, paya-
ble to the order of Eber E. Hilton at the National Bank of Ox-
ford, and signed by Margaret C. Hill.    It is indorsed by Eber
E. Hilton and indorsed " John I. Smith " and " John I. Smith
Co."    It is now owned by the Liebig Manufacturing Company.
This, as shown by the evidence of the surety, was an accommo-
dation note.

Mr. Hilton wanting to purchase and not having the funds,
obtained this note from his mother-in-law, and indorsed it over
at that time to Mr. Smith on account of, or in payment of phos-
phate which he was buying or' had bought.

[At the trial of the case defendant was permitted to ask the
maker and the payee of the note, over the objection of the plain-
tiff's counsel, whether any consideration was given for the
note.]    [1, 2, 3, 8]

The court, LIVINGSTON, P. J., charged the jury in part as
follows:

[If you believe it was transferred to them before it became
due then she would be liable.    The law says she would be lia-
ble, although she would not be if it was transferred after.
That is one of the questions you will have to decide.    From
the testimony you will have to decide that.    Mr. Smith is just
as positive as Mr. Hilton; Mr. French also.    While Mr. Hilton
says Smith had it in his possession after it became due and trans-
ferred it.    That is the reason I submit it to you.    If you find
it was transferred before due to this company, then so far as
that is concerned they would be entitled to recover from this
woman.    If you find from the evidence it was not transferred
to them until after it became due then they would not be enti-
tled to recover under the law.]    [10]  . . . .

[It appears a judgment bond was given by Mr. Hilton, he says, in payment of these notes. And, I think, as far as I can remember and understand the affair, an execution was issued on this judgment, but no sale, no further attempt to make the money out of the property of Mr. Hilton to save Mrs. Hill. Why that was done I do not know.] [11]

This case was before the Superior Court on appeal from a former trial where verdict was entered for defendant and was reversed by the appellate court. See Liebig Mfg. Co. v. Hill, 7 Pa. Superior Ct. 15.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1, 2, 3, 8) in admitting questions asked and answered by Eber E. Hilton and Margaret C. Hill touching the value of the consideration for the note. (4–6) To the admission of questions relating to purpose of the giving of a judgment bond to the plaintiff company. (10, 11) To portions of the judge's charge, reciting same.

*J. W. Johnson*, for appellant.—The maker of an accommodation note cannot set up want of consideration as a defense against it in the hands of a third person, though it be merely as a collateral security for a debt of the payee: Walker v. The Bank of Montgomery Co., 12 S. & R. 382; Appleton v. Donaldson, 3 Pa. 381; Lord v. The Ocean Bank, 20 Pa. 384; Moore v. Baird, 30 Pa. 138; Newbold v. Boraef, 155 Pa. 227; Liebig Mfg. Co. v. Hill, 7 Pa. Superior Ct. 15.

Under the authority of Peltz v. Printz Bros., 186 Pa. 347, assignments ten and eleven must be sustained.

*J. Hay Brown*, with him *W. U. Hensel*, for appellee.—The language complained of in the tenth assignment of error is certainly not erroneous. The context plainly shows that the court cited simply the general law of negotiable paper; that, if the transferee of it became the holder before it became due, no defense would avail the maker. But, if transferred after it became due, the maker would not be liable, provided there was a good defense between her and the party who accepted the note from the indorser. There was a conflict of testimony upon this subject. The court held that the question involved was one for

the jury to decide, explicitly saying that, if the note was transferred before it became due, the plaintiffs "would be entitled to recover from this woman." More than that the plaintiff had no right to ask: Newbold v. Boraef, 155 Pa. 232; Patterson v. Moore, 34 Pa. 69.

OPINION BY WILLIAM W. PORTER, J., February 17, 1899:

When we reviewed a former trial of this case, we said: "We think the court below erred in permitting the introduction of the evidence showing absence of consideration to the maker. It was not matter of defense." In the trial now under review such evidence was again admitted, and a considerable portion of the charge is devoted to a submission to the jury of the question, whether the plaintiff company acquired the note before or after maturity. This was error.

Smith acquired the note before maturity and for a valuable consideration. As against him the defense of accommodation could not be set up (Moore v. Baird, 30 Pa. 138; Lord v. Bank, 20 Pa. 384; Appleton v. Donaldson, 3 Pa. 381), and if Smith took the note for the plaintiff company, his title was their title.

But the evidence for the plaintiff company in rebuttal is practically uncontradicted, that the company acquired the note before maturity from Smith, as indorser, and for value.

On the other hand, assume that the note passed from Smith to the plaintiff company for value after maturity. Even so, accommodation by the maker is no defense. Smith was not the payee. He was, as to the plaintiff company, an indorser, who had taken for value and before maturity. His transfer to the plaintiff company, though subsequent to maturity, vested in the latter his rights which could not be defeated on the ground that the note was accommodation paper. "A person, who takes a bill or note after it is due, takes it subject to all objections in respect of want of consideration, illegality and all other objections and equities affecting the instrument itself, and to which it was liable in the hands of the person from whom he takes it:" Wilson v. Bank, 45 Pa. 494. See also Riegel v. Cunningham, 9 Phila. 177, Daniels on Negotiable Instruments, secs. 786, 803, and Byles on Bills, 169.

Therefore, the fact that the note may have been originally given as an accommodation was not matter of defense to the

plaintiff company's claim.   We sustain the first, second, third, eighth and tenth assignments.

The fourth, fifth and sixth assignments are to the admission of questions relating to the purpose of the giving of the judgment bond to the plaintiff company.   The objections are based upon the failure to show authority in Smith to act for the plaintiff company in the surrender of the notes.   These assignments are not sustained.   The bond was given to and retained by the plaintiff company.   It was taken by Smith as their representative.   It was not alone for the debt in suit, but covered as well a separate claim against Hilton.   It was accompanied by a warrant of attorney to enter judgment, and contained a waiver of exemption.   It was not, therefore, a mere release of the defendant given by an agent without consideration.   By this, we do not mean to indicate any opinion upon the facts, nor to exclude proper evidence of Smith's agency, but it seems to us that upon the evidence as now presented, the only questions for the jury, under proper instructions, were, first, whether the bond was in fact given in payment of the note in suit, as asserted by Hilton, or as a collateral security, as asserted by Smith, and, second, if it was accepted as payment, was Smith authorized as agent so to accept the same.

The evidence did not warrant the statement of fact made by the court, which is the subject of the eleventh assignment. This assignment is sustained, and the remaining assignments are dismissed.

The judgment is reversed, and a new venire is awarded.