Rebecca Ann Cook, J. W. Cook, A. W. Cook, J. H. Cook, T. B. Cook, Ida M. Calvin, Hattie J. Ross, trading as A. Cook Sons, Appellants, *v.* J. B. Forker.

*Contracts—Sunday law—Application.*

Contracts made on Sunday are not void in the sense that they do not admit of ratification, though so long as they are executory the law will refuse to enforce them ; and acts of ratification will make them new contracts which the parties will be bound to perform.

Where a note is discounted on a Sunday, and a check for the proceeds dated as of the day following is given to the defendant on Sunday, and indorsed by him on that day, but not drawn on until the following Wednesday, the transaction as a whole, being ratified and reaffirmed, constitutes a legal and binding loan of the money.

*Promissory notes—Indorsement.*

Where a check for the proceeds of a discounted note is drawn to the order of the indorser on the note, and is indorsed by him, it is not a sufficient affidavit of defense in an action for money had and received on the check, that he did not receive the money personally, and that he was merely an agent for other parties.

*Interest—Usury—Promissory notes—Purchase of note.*

Where a bank discounts a promissory note for an indorser who is neither the maker nor the payee of the note the bank may purchase the note at any agreed rate.

*Promissory notes—Notice of protest.*

In an action against the indorser of a promissory note, an averment in an affidavit of defense that no notice of protest was received is insufficient. The proper form of affidavit is that the defendant is informed, believes and expects to be able to prove that no notice was sent, or it should, at least, in substance, lay ground for inference that none was sent.

Argued Oct. 10, 1899. Appeal, No. 168, Oct. T., 1899, by plaintiffs, from order of C. P. Clarion Co., April T., 1894, discharging rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, MCCOLLUM, MITCH-ELL, FELL and BROWN, JJ. Reversed.

Assumpsit for money had and received.
Rule for judgment for want of a sufficient affidavit of defense.

The facts were found by CLARK, P. J., to be as follows ;

This is the second rule for judgment for want of a sufficient affidavit of defense. The first statement of plaintiffs' demand against defendant was to recover on his indorsement the amount called for in two certain promissory notes drawn by W. W. Weston to the order of G. E. Ramsey, each of which were indorsed in the order hereinafter stated by the following named parties, viz : by G. E. Ramsey, W. H. and D. C. Conklin, Pittsburg Vehicle and Harness Co., D. O. Hutchinson, treasurer, and J. B. Forker, the last indorser of said notes. The defendant filed his affidavit of defense thereto, in which he alleged in substance that he indorsed and delivered the same to the plaintiffs on Sunday, September 10, 1893, and received a check of said plaintiffs, for the amount of said notes, less the discount at the rate of ten per cent per annum, which check was executed and delivered by the plaintiffs to Forker, the defendant, on September 10, 1893, but was dated on September 11, 1893 ; that he, Forker, was not liable on his indorsement because it was executed and delivered on Sunday, September 10, 1893, and by reason hereof his indorsement was invalid and void, and that no recovery could be had in said action. On plaintiffs' motion for judgment therein, in default of a sufficient affidavit of defense, a rule to show cause was granted and the rule was argued by counsel. On February 15, 1896, the opinion of the court was filed, in which the first rule was discharged without prejudice and the motion for judgment was refused. On April 13, 1896, the following motion and amended statement were presented to the court.

We quote a part thereof here, as follows, viz : " And now, April 13, 1896, the plaintiffs, by J. T. Maffett, their attorney, move the court for leave to file an amended statement of claim in this case as set out in the following statement:

#### " AMENDED STATEMENT.

" The court having decided that no recovery could be had on the indorsements of defendant as set out in the original statement filed in this case, because a Sunday contract, the plaintiffs, now by this amended statement, demand and claim of and from the defendant the money had and received by him from them upon the check given him by the plaintiffs as set out in said original statement, with interest from the date of said check,

which said money the plaintiffs paid to the order of the defendant by said check through the Second National Bank of Clarion, Pa., on September 15, 1893. The following is a copy of said check and its indorsements, and made part of this statement:

"EXHIBIT 'A.'

"COOKSBURG, PA., Sept. 11, 1893.          No. 1027.

"The Second National Bank of Clarion, Pa., pay to the order of J. B. Forker, $1918.34, nineteen hundred eighteen and 34–100 dollars, payable in exchange.

"A. COOK SONS,
"A. W. COOK.

"Stamped paid September 15, 1893.
"Indorsed:
"Pay to the order Pittsburg Vehicle & Harness Co.,
          "D. O. HUTCHINSON, Treasurer.
          "J. B. FORKER.
"Pittsburg Vehicle & H. Co., D. O. HUTCHINSON, Treas.

"The plaintiffs file this amended statement to recover the amount of said check with interest from the date of the payment of the money called for thereby, to wit: September 15, 1893, which amount, to wit: $1,918.34, the plaintiffs say is justly due and payable to them by the said defendant with interest as stated."

The following order was indorsed on the back of said motion and amended statement, viz: "April 13, 1896. Filed in open court. By the Court."

On April 18, 1896, defendant filed his affidavit of defense to said amended statement. The material part is as follows, viz:

1. The plaintiffs are not entitled to amend their statement of claim in this action at this time, and thus introduce a new cause of action, or to take a judgment by default for want of an affidavit of defense.

2. The defendant denies that he had or received any money from the plaintiffs on September 15, 1893, or at any other time, as claimed in plaintiffs' amended statement of claim, but avers that the check therein referred to, dated September 11, 1893, upon which plaintiffs now seek to recover, was executed and delivered to affiant on Sunday, September 10, 1893, in exchange

for the note of the Pittsburg Vehicle & Harness Company, for whom he was acting merely as agent, for $1,975, less the discount of ten per cent charged by the plaintiffs, and that the check was part of the same transaction, and was all executed and completed on said Sunday, September 10, 1893, without any previous contract. And affiant, when he had received the check, as referred to in his affidavit of defense, filed in this case on February 20, 1894, and made part hereof, indorsed it and sent the same to the Pittsburg Vehicle & Harness Company, the party entitled to receive the same, and for whom your affiant was acting as aforesaid.

3. The money was not paid on said check for or in behalf of your affiant, and your affiant never received any benefit therefrom, nor any part of the money thereof.

4. Affiant is not liable on his indorsement on said check under and by virtue of which, the plaintiffs' amended statement of claim, this action is now sought to be maintained against him, in that it was an executed contract, of which the check was a part, and that the same was made and duly completed on Sunday, September 10, 1893, and by reason thereof is invalid and void, and no recovery in this case can be had thereon against him.

On May 11, 1896, motion for judgment in default of a sufficient affidavit of defense to amended statement, was presented and filed in open court, and a rule to show cause was granted thereon the same day, returnable on the 1st Monday of June, 1896.

The question now before us is whether or not the plaintiffs are entitled to recover the amounts of their claim or demand for want of a sufficient affidavit of defense. . . .

In our former opinion we decided there could be no recovery against the defendant by reason of his indorsements of the notes then declared on because of the contract having been fully made on a Sunday, by reason of which the contract was invalid and void. We then thought there might possibly be a recovery for the money had and received by virtue of the check given by plaintiffs to defendant, which had been paid by them through the bank, but we are obliged in the face of the facts alleged in defense to plaintiffs' claim to change our views in the premises, because the whole contract was made and executed on Sunday. . .

The test is whether the plaintiffs require the illegal transaction to establish their case. Public policy will not allow courts to aid one, grounding his action on an illegal or criminal act: Holt v. Green, 73 Pa. 198; Foreman v. Ahl, 55 Pa. 325. . . .

That the check in controversy and upon which the money was paid was dated on September 11, 1893, being Monday of the week, will not avail the plaintiffs in this action. . . .

In the argument of counsel for plaintiffs, great stress was laid upon the fact that the money had and received on the check in question was received from plaintiffs through their bank on September 15, 1893, which was not on a Sunday, and therefore, there was an implied contract to repay the same to the plaintiffs with interest from the latter date. We cannot agree with counsel in such a proposition. The payment of a check to the payee is presumed to have been received on account of a debt due from the payer of the check to the payee, or for money or cash given for said check. A contract will not be implied when an express contract would for any reason be invalid. It is clear in the case at bar that there is no antecedent debt or contract upon which to base the action. All that was performed in regard thereto, so far as the plaintiffs and defendant are privies, was done and completed on Sunday. . . .

It is shown by the pleadings in this case that there was a voluntary payment of said check, and that the check was given on Sunday. It is a well settled rule of law in Pennsylvania that, where a party voluntarily pays a debt void as to its legal obligation, the amounts so paid cannot be recovered back, nor could his executor or administrator obtain it for the benefit of creditors, nor would an attachment lie at the suit of such creditors: Speide v. McCoy, 6 W. & S. 485; Espy v. Allison, 9 Watts, 462; Mason's Appeal, 1 Pa. 29; Lackay v. Mercer, 9 Pa. 318. We are fully convinced that plaintiffs are not entitled to judgment for want of a sufficient affidavit of defense, on their amended statement of claim in the case before us. We, therefore, make the following order:

And now, August 31, 1898, after argument of counsel, and upon due consideration of the rule, the amended statement of claim and of the affidavits of defense, and for the reasons expressed in the foregoing opinion, the rule is discharged, and

plaintiffs' motion for judgment in default of sufficient affidavit of defense is refused.

*Error assigned* was the order of the court.

*J. T. Maffett*, for appellants.—The indorser in this case was liable : Tiedeman on Commercial Paper, 424 ; Evans v. Gee, 11 Peters, 80 ; Van Staphorst v. Pearce, 4 Mass. 258 ; Patterson v. Todd, 18 Pa. 426 ; Seymour v. Van Slyck, 8 Wendell, 403 ; Stephens v. Monongahela Nat. Bank, 88 Pa. 157 ; Centenary M. E. Church v. Clime, 116 Pa. 146 ; Ahlborn v. Wolff, 118 Pa. 242 ; Ziegler v. McFarland, 147 Pa. 607 ; Prescott Bank v. Caverly, 7 Gray, 217 ; Hall v. Newcomb, 7 Hill (N. Y.), 416 ; Charles v. Denis, 42 Wisconsin, 56 ; State Bank v. Fearing, 16 Pickering, 533 ; Weakly v. Bell, 9 Watts, 273.

It would be a fraud in one who has received a consideration on a week day to set up the invalidity of the contract because made on Sunday. He reaffirms the contract by receiving the consideration : Mohney v. Cook, 26 Pa. 342 ; Daniel on Negotiable Instruments, sec. 269 ; Adams v. Gay, 19 Vt. 358 ; Comly v. Hillegass, 94 Pa. 132 ; Unger v. Boas, 13 Pa. 600 ; Huttig Sash & Door Co. v. Gitchell, 69 Mo. App. 115 ; Williamson v. Brandenberg, 32 N. E. Rep. 1022 ; Haacke v. Knights of Liberty Social and Literary Club, 76 Md. 429 ; Russell & Co. v. Murdock, 79 Iowa, 101 ; Uhler v. Applegate, 26 Pa. 140 ; Whitmire v. Montgomery, 165 Pa. 253 ; Chestnut v. Harbaugh, 78 Pa. 473 ; Steyert's Est., 10 Montg. Co. Law Rep. 75 ; Lee v. Drake, 10 Pa. C. C. R. 276 ; Baker v. Lukens, 35 Pa. 146.

Sunday contracts are valid at common law, and are rendered illegal only by the statute.

*Harry R. Wilson*, with him *Cadmus Z. Gordon*, for appellee. —The defendant is entitled to have the question of fact as to the sending of the notice of protest decided by a jury : Jensen v. McCorkell, 154 Pa. 323 ; Farmers' Nat. Bank of West Chester v. Marshall, 9 Pa. Superior Ct. 621.

On an action to enforce an executory Sunday contract it is immaterial whether plaintiff or defendant first urges the illegality. When disclosed, the plaintiff relying on it for relief will fail : Hanauer v. Woodruff, 15 Wall. 439 ; Sampson v.

Shaw, 101 Mass. 145; Myers v. Meinrath, 101 Mass. 366; Laing v. McCall, 50 Vt. 657; Mitchell v. Smith, 1 Binney, 110; Kepner v. Keefer, 6 Watts, 235; Fox v. Mensch, 3 W. & S. 444; Swan v. Scott, 11 S. & R. 155; Johnson v. Hulings, 103 Pa. 498.

In the case of Lee v. Drake, 10 Pa. C. C. R. 276, cited by appellants, it was decided that: "In Pennsylvania by reason of the statute of April 22, 1794, a contract made on Sunday is illegal, and therefore void and incapable of ratification." To the same effect are the rulings of this Court in Seylar v. Carson, 69 Pa. 81, Negley v. Lindsay, 67 Pa. 217, Chamberlain v. McClurg, 8 W. & S. 31, and Ham v. Smith, 87 Pa. 66.

There are exceptions to this rule in some of the other states, and the Sunday statutes of some are different, so that the citations of appellants to other states, where there are exceptions to this rule, are of no value. We understand that a rule and statute similar to the one in Pennsylvania is in force in New Jersey, Maine and Massachusetts, as well as other states: Reeves v. Butcher, 31 N. J. Law, 224; Ryno v. Darby, 20 N. J. Eq. 231; Day v. McAllister, 15 Gray, 433; Boutelle v. Melendy, 19 N. H. 196; Pope v. Linn, 50 Me. 83; Tillock v. Webb, 56 Me. 100; Plaisted v. Palmer, 63 Me. 576.

There can be no recovery for money had and received on the check as against J. B. Forker. Money voluntarily paid in discharge of a void obligation cannot be recovered: Perkins v. Savage, 15 Wend. 412; Wyman v. Fiske, 3 Allen, 238; Irvine v. Hanlin, 10 S. & R. 219; Real Est. Savings Institution v. Linder, 74 Pa. 371; Patton v. Craig, 7 S. & R. 116; Fleming v. McClain, 13 Pa. 177; Masser v. Bowen, 29 Pa. 128; Matthews v. Foederer, 19 Phila. 290; Walker v. Geisse, 4 Wharton, 252; Wooster & Frame v. Jenkins, 3 Denio, 187; Spalding v. Bank of Muskingum, 12 Ohio, 545; Liness v. Hesing, 44 Ill. 113; Butler v. Livermore, 52 Barb. 570; Foreman v. Ahl, 55 Pa. 325.

OPINION BY MR. JUSTICE MITCHELL, November 6, 1899:

The original statement on the promissory notes having been amended, the only form of the action with which we are concerned is for money had and received.

Certain notes of one Weston were discounted by plaintiffs on

Sunday, and a check for the proceeds given by plaintiffs to defendant on the same day, but dated as of the day following. The defendant indorsed the check on the Sunday it was given, but the money was drawn on it by the indorsees on the following Wednesday. This is the money had and received which is the cause of action declared upon in the amended statement. The court properly held that there could be no recovery on the note, but the action for the money stands on different ground. As to it the contract was not complete or executed on Sunday. Its object on the part of the defendant was to obtain the money on the discounted notes before their maturity, and it was not carried out until the money was obtained. The check in the mean time was merely a part of the incomplete Sunday agreement, and as such either party could have refused to go further with it. But when the holder presented and the plaintiff paid it both parties ratified and reaffirmed the transaction with all its consequences. This was done on a legal day, and made a legal and binding loan of the money.

The weight of the authorities is to this effect: Daniel on Negotiable Instruments, sec. 69 ; Adams v. Gay, 19 Vt. 358.

Contracts made on Sunday are not void in the sense that they do not admit of ratification, though so long as they are executory the law will refuse to enforce them : Chestnut v. Harbaugh, 78 Pa. 473 ; and acts of ratification will make them new contracts which parties will be bound to perform : Uhler v. Applegate, 26 Pa. 140. It was accordingly held in the latter case that an agreement made on Sunday to extend the time of payment of a note, in consideration of the anticipation of part of the amount, became binding by the agreed prepayment on a legal day, Chief Justice LEWIS saying, "It is not the intention of the law that its regard for the Sabbath day shall be made the means of perpetrating a fraud." So in Whitmire v. Montgomery, 165 Pa. 253, a note made and delivered on Sunday was held to be ratified and made good by a subsequent payment of interest on it.

The other grounds of defense set out in the affidavits are equally insufficient. Defendant avers that the notes were not discounted for him, and that he received no part of the proceeds of the check. But the check was drawn to his order and indorsed by him. Payment to his order was payment to him.

If he had drawn the money himself and sent it to his principals he could not have denied the receipt of the money, and what he did was the same in substance and effect. The fact that he was acting as agent for other parties, and was so known by the plaintiffs, is not inconsistent with his assumption of individual liability. His indorsement of the notes and the check imported such liability, which could not be contradicted by mere assertion of agency (Ziegler v. McFarland, 147 Pa. 607), and there is no other denial.

The discount of the notes at the rate of ten per cent per annum was not usurious. They were the notes of one Weston discounted by plaintiffs for defendant, or, in the extreme view, for his principals, the Pittsburg Vehicle and Harness Company. Under such circumstances a banker may purchase the notes at any agreed rate: Gaul v. Willis, 26 Pa. 259; Moore v. Baird, 30 Pa. 138.

The allegation that no notice of protest was received was not sufficient. The rule of commercial law in such cases is the exception in which the requirement is, not that notice shall be received, but only that it shall be sent: Weakly v. Bell, 9 Watts, 273, 279; Daniel on Negotiable Instruments, sec. 1021. The proper form of affidavit is, therefore, that the defendant is informed, believes and expects to be able to prove that no notice was sent, and, even if not in that form, it should at least in substance lay ground for inference that none was sent.

The affidavits were insufficient, and judgment should have been entered for plaintiffs.

Order refusing judgment reversed, and judgment directed to be entered for plaintiffs unless other legal or equitable ground be shown why such judgment should not be entered.