## Peter Whitmire, Executor of John Whitmire, *v.* John T. Montgomery, Appellant.

|                |       |
|----------------|-------|
| 165            | 253   |
| f193           | 468   |
| 165            | 253   |
| 212            | 566   |
| 165            | 253   |
| 214            | ³279  |
| 30 SC          | ³168  |

*Contract—Illegal contract—Executed contract.*

The law will not lend its aid to enforce a contract made in violation of a statute, nor set aside such a contract when it has been fully executed by the parties.

*Opening judgment—Terms—Defences—Practice—Sunday.*

The entering of judgment by confession on a judgment note does not make the contract to pay, of which the note is evidence, an executed contract. The agreement for entering judgment only is executed. When such a judgment is opened without terms the contract to pay is before the jury, and it is competent for the defendant to make any legal defence.

In such a case, where there is evidence of a subsequent ratification of the note, a point alleging the illegality of the date of the note without referring to the evidence as to the subsequent ratification is properly refused.

*Practice, C. P.:—Charge of Court—Answers to points.*

A party is entitled to a distinct and responsive answer to his points, if they are properly drawn, present questions that fairly arise, and can be answered by a simple affirmance or refusal.

*Evidence—Competency of witness—Experts—Province of court and jury —Discretion—Review.*

A judgment on a verdict will not be reversed by the Supreme Court, because the trial judge after hearing evidence as to the qualifications of a witness as an expert, and after permitting him to testify as an expert, subsequently left it to the jury to say whether or not the witness " had such experience as would make him an expert."

*Practice, S. C.—Assignments of error.*

An assignment of error to the answer to a point, must set forth both the point and answer.

Argued Oct. 15, 1894.  Appeal, No. 146, October Term, 1894, by defendant, from judgment of C. P. Butler Co., December Term, 1892, No. 188, on a verdict for the plaintiff.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Issue to determine validity of judgment.  Before GREER, P. J.

At the trial it appeared that, on Oct. 29, 1892, judgment was entered against defendant, on a promissory note made on Sunday, March 3, 1889.  Defendant set up as a defence the illegality of the date of the note, and also claimed that it was forged.

J. B. Flack, a witness for plaintiff, was asked : " Q. State whether or not your experience and skill in handwriting would enable you to determine whether a given signature was forged, or whether natural, or genuine." Objected to as being the opinion of the witness.  Received and exception noted. [4]

The witness answered in the affirmative.          *

John Berg, a witness for plaintiff, was asked: " Q. State whether or not you have had such skill and experience in that line as to tell whether a note was forged and simulated, or whether it is natural and genuine." Objected to as incompetent.  Mr. Berg does not claim to be an expert.  The Court: We will receive this.  Exception. [5]

The witness answered in the affirmative.

The same witness was asked: " Q. Will you state whether in your opinion the signature of John T. Montgomery to the note in suit, now presented to you, is a forged or simulated signature, or whether it is a natural or genuine signature ? " Objected to for the reason that Mr. Berg is not an expert, has not qualified as an expert, and his answer to this question would be incompetent.  Received and exception. [6]

The witness answered : " I am of the opinion that it is a genuine signature, that it is natural. "

Plaintiff offered in evidence the note in suit, dated March 3, 1889, payable to John Whitmire, and purporting to be signed by John T. Montgomery.  Defendant objects to this offer, for the reason that the plaintiff had not proved the execution

of the note, that the burden of proof is upon plaintiff here to
prove by satisfactory evidence to the jury that the note in suit
was executed by John T. Montgomery, and he has not done
so, neither has he shown sufficient proof to admit the note in
evidence.

Mr. Goucher: This to be followed by the genuine signa-
tures of John T. Montgomery, for the purpose of comparison
by the jury, and by testimony showing the circumstances sur-
rounding the note in suit, tending to show its existence and
genuineness.

The Court: We think there is enough proof for the admis-
sion of the note; there is sufficient evidence to admit the note.
Exception. [7]

Peter Whitmire, a witness for plaintiff, was asked: " Q. State
whose signature that is to the first receipt on the note?"   Ob-
jected to for reason that it has not been proven that the receipt
was put on in the presence of, with the knowledge or authority
of John T. Montgomery, the defendant, and that the signature
to the receipt being a part thereof, the whole testimony would
be incompetent.   The Court: We will receive this and leave
it to the jury.   Exception asked and bill sealed. [8]

The witness answered, " That is father's."

Perry Gold, a witness for plaintiff, testified that he saw de-
fendant write his name in a hotel register.   Plaintiff offered
this register.   Defendant objects to it, for the reason that
the witness says he is not acquainted with his handwriting and
cannot say who wrote this signature.   The Court: We will
submit it to the jury.   Exception. [9]

J. B. Flack was further asked: " Q. Will you examine the
writing at the top of that note, the first receipt at the top?
State how that writing compares with the signature and writ-
ing in the body of the note, and whether or not, in your opin-
ion, it was written by the same hand, with the exception of the
signature."   Objected to because an expert is not permitted to
compare signatures, the writings are referred to the jury for
comparison, and is therefore incompetent.   The Court: The
witness, as an expert, would have a right to state whether the
body of the note was written by the same person that signed
the name, and as an expert also would have the right to state
whether the receipt was in the same handwriting as that of the

person who filled the note. We will receive that. Exception. [10]

The witness answered: "I believe that whoever wrote 'March 3d, 1890, received on the within,' it is in the same handwriting as the body of the note."

The court charged in part as follows :

" One of the rules of law in a case of this kind is to determine by proper evidence the handwriting of the maker of the note, and the law has given three or four ways by which a jury can come to that conclusion. One is by the evidence of experts, [a man who has become so well versed in handwriting that he can tell whether the writing was in a free way or whether it was copied or traced]. [11] Now to a person who has had no experience it would seem a pretty hard task, yet we know that experience and labor and training will prepare a man to do almost anything. . . . [The expert in handwriting takes up the handwriting and looks at the natural signature and takes up the same name where a man tries to counterfeit and from these two writings alone must determine the true from the false.] [12] [For that reason the courts and law have permitted parties in support of handwriting or in opposition to handwriting to swear and put on the stand a man who is an expert and allow his testimony to go to the jury and gives it the same weight and same force and effect as it would give the testimony of any other (expert) witness.] [13] The plaintiff in this case called two gentlemen as experts, and you heard their testimony. One was Mr. Flack, a man of national reputation as an expert, who has given it many years study and who professes to understand from a signature, to be able to tell whether or not it is free and natural, or whether it shows signs of tracing and copying, and he has given you his opinion. The law allows that. The plaintiff has also called Mr. Berg, a gentleman of intelligence in our town here and who has had some twenty years' experience in the banking business ; the law does not consider a man an expert who is a banker, but there is no reason that he should not be an expert and banker both. You heard his testimony, and it is a question for you whether or not he has had such experience as would enable him to tell a forged or simulated signature from a true one. Was he mistaken or right? If correct then he is a proper expert, if mistaken then he is not. [Take

his testimony and say whether or not he has had such experience as would make him an expert, and would know the difference between a forged signature and true signature. The fact that he is a banker would not take off but would rather add to his knowledge.] [14] An expert is not permitted in giving his testimony to make comparisons; the law will not allow that. His knowledge and skill must be such that he can tell a forged signature from a true one. [Take 'Squire Mc-Gucken; he writes in the usual way, and I sit down and attempt to copy his name, and copy it as near as I can and send the two names to a man who does not know either of us, and does not know the true signature, the stranger is to tell which is the original writing and which is the copied writing.] [15]

" Another way that the law allows the determination of this matter, is by letting the jury compare; you are the only men who compare the true and genuine signature with the false signature. The plaintiff in this case has submitted several signatures that are admitted to be the signatures of John T. Montgomery, and the second test is to determine from the two writings, that is, the admitted signature and the doubtful signature; you are to use your own judgment. It is your duty to take this name here and take the two signatures that Mr. Montgomery admits he did make, and look at them and see if there is such a material difference as will convince you they are not the same ; that is your duty, gentlemen.

" There is another way we determine, and that is by calling men who know the handwriting of the man, and when they have shown that they have seen the defendant sign his name and know his handwriting, then the law allows them to state whether it is the handwriting of the defendant, and that is only their judgment. When the witness is presented and offered, the first thing he must do is to show that he knows the man and knows his handwriting or has seen him write his name. Whenever that is done it is the duty of the court to admit the witness to testify, and then his knowledge must be determined by you. . . .

" You will examine this note. The note is written in purple ink, and from the appearance of the note it is for you to say whether the man that wrote the body of the note wrote the signature. [You will see on the back of the note a receipt.

VOL. CLXV—17 .

It is for you to say whether it is the same handwriting, but from the different color of the ink it was evidently written at a different time.] [17] . . . .

" [The Supreme Court has decided, in one or two cases at least, that where a man gives a note on Sunday and judgment is entered the court will not step in. It will not interfere.] [18] [But where the note is not executed the court will not step in either, because they say we will not interfere with it. If a man makes a note on Sunday and delivers it, and it is not executed it cannot be collected, unless the man who makes the note does something to approve it. If on Monday morning he says, ' I will pay it as soon as I can,' he can collect it. If a man goes around and pays the interest, that is a ratification.] [19] [If this note was made on Sunday, and if you believe it was signed by Mr. Montgomery, and if you believe that the man who signed the note wrote the receipt on the back of it afterwards on the 3d day of March, 1890, then that would be a ratification of it. If it was signed on Sunday and delivered, and the interest paid on it a year afterwards, that is a ratification of it and it is good and can be collected.]" [20]

Defendant's points were among others as follows :

" 3. A note given on Sunday is void and there can be no recovery upon it. *Answer :* That we affirm if it has not been executed, but if executed the law will not interfere." [1]

" 4. If the jury find the note in suit was executed (or given) and delivered on Sunday by defendant, under the evidence, there can be no recovery in this case. *Answer :* If the note was executed and delivered on Sunday and not executed there could be no recovery in this case, unless it is shown by the plaintiff in the case that there was a ratification of the note afterwards, and if Mr. Montgomery paid interest that would be a ratification." [2]

" 8. The testimony of an expert who has never seen defendant write and who is not acquainted with his handwriting or signature is but an opinion, and must be so considered by the jury. *Answer :* We cannot affirm that in quite that shape, because if men testified only who have had experience as witnesses where would we get new experts ? " [3]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–3, 11–21) instructions, quoting them ; (4–10) rulings on evidence, quoting bills of exception and evidence ; (23–31) instructions, but not quoting them.

*S. F. Bowser*, for appellant.—The note in suit was made on Sunday, and therefore void : Act of April 22, 1794, Sm. L. 1794, p. 177 ; Kepner v. Keefer, 6 Watts, 231 ; Mitchell v. Smith, 1 Bin. 118 ; Mitchell v. Smith, 4 Dal. 270 ; Mitchell v. Smith, 4 Yeates, 84 ; Bredin's Ap., 92 Pa. 246 ; Morris Run Coal Co. v. Barclay Coal Co., 68 Pa. 173 : Ham v. Smith, 87 Pa. 66.

The instructions as to expert evidence were erroneous : Bank v. Jacobs, 1 P. & W. 180 ; Fostner v. Collner, 107 Pa. 305 ; Rockey's Est., 155 Pa. 453 ; 1 Greenl. Ev. 632 ; Bank v. Wirebach, 106 Pa. 37 ; Doe v. Suckermore, 5 A. & E. 751 ; Gurney v. Langlands, 5 B. & Ald. 330 ; Rex v. Cator, 4 Esp. 117 ; Tracy Peerage, 10 C. & F. 154 ; People v. Spooner, 1 Denio, 343 ; 9 A. & E. Ency. L. 300.

*H. H. Goucher, Jacob M. Painter* with him, for appellee.— If it appear that a witness has any claim to the character of an expert, a court of error will not reverse because his experience is not sufficiently special : Steam Towboat Co. v. Starrs, 69 Pa. 36 ; Imp. Co. v. Coon, 10 W. N. 502 ; Allen v. Allen, 29 Pitts. L. J. 351 ; Reese v. Reese, 90 Pa. 89 ; Fulton v. Hood, 34 Pa. 365 ; Ballentine v. White, 77 Pa. 26.

The errors are not properly assigned and will be treated as none : Aspell v. Smith, 134 Pa. 59 ; Readdy v. Borough, 137 Pa. 92 ; R. R. v. Sly, 65 Pa. 205 ; Arthurs v. Smathers, 38 Pa. 40 ; Headley v. Renner, 129 Pa. 542.

Detached portions of the charge, and especially of parts of sentences, should not be assigned as error : Repsher v. Wattson, 17 Pa. 365 ; Bitner v. Bitner, 65 Pa. 347 ; Leibig v. Steiner, 94 Pa. 466 ; Worrall v. Pyle, 132 Pa. 529 ; R. R. v. Coon, 111 Pa. 430 ; Reese v. Reese, 90 Pa. 89 ; Com. v. Zappe, 153 Pa. 498 ; Smith v. Meldren, 107 Pa. 348 ; Johnson v. Com., 85 Pa. 54 ; Bonner v. Herrick, 99 Pa. 220 ; Krepps v. Carlisle, 157 Pa. 358.

An executory contract made on Sunday is void, and cannot be enforced by action ; but an executed contract consummated

on Sunday, which needs not the aid of the courts to enforce it, will not be avoided on that ground : Shuman v. Shuman, 27 Pa. 90 ; Foreman v. Ahl, 55 Pa. 325 ; Baker v. Lukens, 35 Pa. 146.

OPINION BY MR. JUSTICE FELL, Jan. 7, 1895 :

A judgment entered in the common pleas in favor of the plaintiff as executor of John Whitmire on a judgment note alleged to have been made by the defendant was opened on the averment that the note was forged and that it was dated on Sunday. Forgery and illegality of the contract were the grounds of defence at the trial. The plaintiff having died, and the defendant being incompetent to testify, there was difficulty on both sides in the attempt to throw light upon the transaction. The thirty-one assignments of error include nearly all that was said or done at the trial, bringing the whole proceeding up for review, and it is difficult to consider them in detail without exceeding proper limits.

The first and second specifications of error are to the answers to the defendant's third and fourth points. There was an attempt in the answers to draw a distinction between executory and executed contracts, for which there was no ground in this case. The entering of judgment by confession did not make the contract to pay, of which the note was evidence, an executed contract. The agreement to confess judgment only was executed. When the judgment was opened without terms the contract to pay was before the jury, and upon this the issue was founded. There are expressions in some of the cases which are apparently misleading, but in fact not so when taken in connection with the subject under consideration. It is said in the opinion in Baker v. Lukens, 35 Pa. 146 : " Judgment was regularly entered on the warrant of attorney, and it thus became a contract executed." The appeal was from the refusal of the court to strike off a judgment entered upon a warrant of attorney dated on Sunday, and the judgment was affirmed upon the ground that the contract to confess judgment had been executed and that the plaintiff was not seeking the aid of the court to enforce an illegal contract, but that the defendant was asking to be relieved from one which had been carried out, and that without showing any equity. This was in entire harmony

with the established doctrine that the law will not lend its aid to enforce a contract made in violation of a statute, nor set aside such a contract when it has been fully executed by the parties. It refuses to aid either, and leaves them where they placed themselves. Upon the hearing of the application to open judgment in this case it might well have been urged that the agreement that judgment should be entered had been carried into effect, and that the defendant had no standing to appeal to a chancellor unless he could show an equity founded upon the fraud of the plaintiff and not upon the illegality of the date; and the judgment might have been opened on terms that the issue should be confined to the question of forgery. The judgment however was opened without terms, and it was competent for the defendant to make any legal defence. While we cannot approve the answers to these points the error is not ground for a reversal, as the points were badly drawn, and should have been distinctly refused. They both close with the request for instruction that there can be no recovery in the case. This ignores entirely the testimony as to subsequent ratification, which was clearly for the jury.

The answer to the eighth point, which is the subject of the third assignment, we cannot but regard as an error upon the part of the stenographer or an inadvertence upon the part of the learned judge, resulting from his misunderstanding of the point. The language is meaningless in the connection in which it appears, and it is evident that it was not intended as an answer to the point. It was either used in some other connection and by mistake placed here, or used under an entire misapprehension of the subject upon which instruction was asked. The rule is that a party is entitled to a distinct and responsive answer to his points if they are properly drawn, present questions that fairly arise, and can be answered by a simple affirmance or refusal. If this was the answer made and it was intentionally made, it was evasive and in effect no answer at all; and if we believed this to be the case we should feel constrained to reverse the judgment and send the cause back. Every question that arose upon the trial was fairly met and passed upon by the learned judge, and as the general charge fully covered the proposition embodied in the point it does not appear that the jury could have been misled by the answer.

We have considered the assignments to which the argument was mainly directed, and it is unnecessary to enter upon any detailed discussion of the remainder.   We find no objection to the admission of the expert testimony.   The submission afterward to the jury of the competency of the witnesses to testify as experts, while irregular, did the defendant no harm.   The other assignments, except those from the twenty-third to the thirty-first inclusive, which are not in compliance with the rules of court and therefore cannot be considered, relate to the charge. These exceptions present the greater part of the charge in isolated sentences and detached portions which, standing alone, and not read in their connection and explained and qualified by the context, are fairly open to objection.   The charge however must be considered as a whole, and judging it as such we are not prepared to say that any injustice was done the defendant.

The judgment is affirmed.