### Williams *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Passengers—Releases—Collision—Presumption—Sunday contracts—Executed contracts—Validity—Mental capacity—Evidence.*

1. The law will not lend its aid to enforce an executory contract made on Sunday, but if fully executed on that day the law leaves the parties where it finds them and gives no relief to either.

2. A release of damages, although executed and delivered and the

consideration paid on Sunday, if otherwise valid, discharges the releasee from liability to the releasor on account of the matters therein contained.

3. In an action to recover damages from .a street railway company for personal injuries sustained by a passenger of a trolley car in a collision, where defendant relied upon a release of all damages, obtained by defendant's claim agent shortly after the accident, but where plaintiff sought to avoid the effect of the release by averring that on the day when the release was executed he was mentally incompetent to transact business of any kind, it was reversible error to permit the physician who examined the witness the day after the release was signed to express his opinion as to plaintiff's mental condition at the time of the signing of the release, in the absence of anything to show upon what information the physician based his opinion. .

4. As there is a prima facie presumption of negligence against a street railway company where a passenger is hurt in a collision, the trial judge in such case properly decided that if the plaintiff was injured in a collision, and had not released his right of action, he was prima facie entitled to recover, and that the nature of plaintiff's malady, and to what extent, if at all, it was referrable to the accident, were questions for the jury.

*Damages—Future pain, suffering and inconvenience.*

5. In actions for personal injuries evidence tending to show mental and nervous impairment, as a result of the accident complained of, is for the jury, although it may seem improbable and be strongly contradicted.

6. Where there is some evidence that the accident had left plaintiff in a hazy mental condition, from which at the time of the trial he had not recovered, and also that as a result of the accident he had a nervous trouble, and that his prospects for recovery were not favorable, it was not reversible error to submit to the jury the question of damages for future pain, suffering and inconvenience.

Argued Feb. 6, 1917. Appeal, No. 307, Jan. T., 1916, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1915, No. 11, on verdict for plaintiff, in case of Malden S. Williams v. Philadelphia Rapid Transit Company. Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and WALLING, JJ. Reversed.

Trespass to recover damages for, personal injuries. Before JOHNSON, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,754 and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury, rulings on evidence, answers to points, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*William I. Schaffer,* with him *John J. Stetser,* for appellant.—The evidence of plaintiff's mental impairment at the time when he executed the lease was not sufficient to warrant its submission to the jury: Laird v. Union Traction Co., 208 Pa. 574; Spritzer v. Penna. R. R. Co., 226 Pa. 166; Baranski v. Wilmsen, 56 Pa. Superior Ct. 153; Penna. R. R. Co. v. Shay, 82 Pa. 198; DeDouglas v. Union Traction Co., 198 Pa. 430.

The fact that the release was given on Sunday will not avoid its effect if it appear that the contract was an executed one: Shuman v. Shuman, 27 Pa. 90; Steyert's Estate, 10 Montg. County 75; McKee v. Verner, 239 Pa. 69; Dobbins v. Mackinnon et al., 3 Lehigh 25; Baker v. Lukens, 35 Pa. 146.

*William C. Alexander,* for appellee.—There was sufficient evidence produced by the plaintiff not only to show fraud in obtaining the release, but also to show the mental incapacity of the plaintiff at the time of the execution thereof: McCaw v. Union Traction Co., 205 Pa. 271; Clayton v. Consolidated Traction Co., 204 Pa. 536; Pidcock et al. v. Potter, 68 Pa. 342.

As the plaintiff was not capable of executing the release at the time when he signed it, which was Sunday, it was not material that payment was subsequently made: Vanormer v. Osborne Machine Co., 255 Pa. 47; Clayton v. Consolidated Traction Co., 204 Pa. 536.

OPINION BY MR. JUSTICE WALLING, April 9, 1917:

On October 16, 1915, plaintiff, while a passenger on one of the defendant's electric street railway cars, was injured by a collision which occurred near the City of Chester between the car and another car on the same track. Plaintiff was standing in the aisle and the collision caused him to fall, by which he sustained some injury to his arm and head. On the next day, Sunday, one of the defendant's claim agents called on plaintiff at his home in Milmont and secured from him for the consideration of $15 what purports to be a full and complete release for all damages resulting to plaintiff from the accident. The release, admittedly signed by plaintiff, was supported by the testimony of the claim agent, which was to the effect that after some negotiations they agreed upon $15 as the amount of damages, which was paid to plaintiff and the release executed. The agent and a daughter-in-law of plaintiff signed same as witnesses. At the argument some doubt was expressed as to the validity of the release because given on Sunday. But if the transaction was completed by the execution and delivery of the release and payment of the consideration it became an executed contract and binding upon the parties. The law will not lend its aid to enforce an executory contract made on Sunday; but if fully executed on that day, the law leaves the parties where it finds them and gives no relief to either.

"An executed contract is a contract which has been fully performed since it was made, or which was performed at the time it was made so that nothing remains to be done on either side." 9 Cyc. 244.

A judgment entered upon a warrant of attorney contained in a note given on Sunday will not be opened: McKee v. Verner, 239 Pa. 69; Baker v. Lukens, 35 Pa. 146. Where property is sold, delivered and paid for on Sunday the transaction is valid: Chestnut v. Marbaugh et al., 78 Pa. 473. The delivery on Sunday of a deed

previously made will pass title to the property: Shuman v. Shuman, 27 Pa. 90.

According to the evidence for defendant, the release here in question was executed and delivered and the consideration paid, and, if so, nothing further remained to be done and the transaction was closed. Under such circumstances in our opinion the contract although made on Sunday is executed and binding upon the parties, and if otherwise valid discharged the defendant from liability to the plaintiff on account of the matters therein stated. However, plaintiff seeks to avoid the effect of such release by the averment, supported by some testimony, that he was on that day mentally incompetent to execute a release; and that as a result of said injury to his head he became so dazed and mentally confused as to wholly incapacitate him from doing any business; and that such condition long continued. Some of the medical evidence on behalf of the plaintiff tends to show that he is still suffering from traumatic-hysteria or traumatic-neurosis. Admittedly he had prior to the accident, and now has in a more advanced stage, arterio-sclerosis; and defendant's medical evidence tends to show that his mental impairment is the natural result of that disease. Dr. Taylor, the family physician, was called to see plaintiff on the day after the release was signed. He was a witness for plaintiff, and during the course of his examination in chief was interrogated as follows, viz:

"Q.—Between three and four on Sunday, the seventeenth—from the history of the case, as you have it, and from the testimony of the witnesses on the stand, and from what you learned that day and saw of him that day, from your examination, was or was not Mr. Williams mentally capable on Sunday, the seventeenth, to know the contents of a paper?

By Mr. Schaffer: That is objected to......

By Mr. Alexander: In your opinion, doctor, was Mr. Williams on the seventeenth of—taking into consideration what you know about the case—

By the Court: You have already preceded that with what occurred, and what he saw?

By Mr. Alexander: And what is the testimony here as to his condition—was he able to comprehend by reading a paper or by having somebody read it to him, the contents, the purports of a paper?......

By the witness: On Monday, the eighteenth, at 5:30, when I examined him, I should say he was not responsible.

By the Court: You mean he was not responsible?

A.—He was not responsible to know what he would be reading or signing. I saw him at 5:30 on Monday.

Q.—That is not quite the question that is asked you. Mr. Alexander asks you from what you saw of him then, observing his mental condition, and from what you have heard of this testimony here, whether or not you are able to say—express any opinion about his capacity to understand a paper read to him or submitted to him to be read by himself? A.—I should say he was not......

By Mr. Alexander: That is, you say, on the seventeenth, he was not? A.—In my judgment."

This examination was taken under objection and exception, and constitutes the third assignment of error. Plaintiff's mental ability to transact business at the time he signed the release was a vital question in the case, and was for the jury under the evidence; and yet, as to that, the doctor was permitted to express an opinion under such circumstances as to render it impossible to know upon what such opinion was based. From the course of the examination it may have been upon information communicated to the doctor on the day of his visit; we do not know what nor by whom; it may have been upon some evidence which he heard in court; we do not know to what part if any of the evidence he had listened; or it may have been upon his own professional examination of the plaintiff. A question calling for an opinion should be so framed as to indicate the basis upon which the opin-

ion is sought, so that the court may determine its competency and the jury its value. In such case, questions including both competent and incompetent sources of information as the basis of the opinion sought are bad. It follows, that the admission of the opinion of Dr. Taylor, under the circumstances disclosed, was prejudicial error.

The learned trial judge was right in holding that if plaintiff was injured in the collision, and had not released his right of action, he was entitled to recover; as there is a prima facie presumption of negligence against a street railway company where a passenger is hurt by a collision of its cars: Madara v. Shamokin & Mt. Carmel Elect. Ry. Co., 192 Pa. 542; Abel v. Northampton Traction Co., 212 Pa. 329, 336. The nature of plaintiff's malady, and to what extent if at all it is referable to the accident, are questions for the jury. Of course, under no aspect of the case can defendant be held liable for the arterio-sclerosis with which plaintiff was afflicted before the accident, nor for its natural progress thereafter.

There was some evidence that the accident had left plaintiff in a hazy mental condition, from which at the time of the trial he had not recovered; and also that as a result of the accident he had the nervous trouble above mentioned, and that his prospects for recovery were not favorable. While this was strongly contradicted, we cannot say that the court erred in submitting to the jury the question of damages for future pain, suffering and inconvenience. In an action for personal injuries, evidence tending to show mental and nervous impairment, as a result of the accident complained of, is for the jury, although it may seem improbable and be strongly contradicted.

That part of the charge embraced in the eighth assignment of error, referring to the question of damages, is subject to criticism. The thought in the mind of the court does not seem to find expression in the language as reported. However, that and any inadequacy in the charge can be corrected on another trial.

The assignments of error except as herein stated are not sustained.

The judgment is reversed and a venire facias de novo awarded.