# Smyers *v.* McMahon, Appellant.

*Breach of contract — Fraudulent representation — Measure of damages.*

In an action of trespass for deceit founded upon a contract the measure of damages will be the difference between the value of what the plaintiff was to receive under the contract and the value of what he really did receive.

*Illegal contract—Sunday—Act of April 22, 1794.*

The courts will not enforce a contract made in violation of the provisions of the Act of April 22, 1794, although the statute does not expressly annul or avoid the act done. The law does not help the parties to the transaction either to performance or to relief from performance already had, but leaves them as it finds them. Such contracts are not absolutely void if the parties performed them. They are then executed contracts and the State will protect title thus created. But the courts refuse their aid to parties to such contracts, the test being whether the plaintiff requires the illegal transaction to establish his case.

Argued April 9, 1918. Appeal, No. 131, April T., 1918, by defendant, from judgment of C. P. Clarion Co., February T., 1917, No. 13, on verdict for plaintiff in case of G. W. Smyers v. J. E. McMahon. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for deceit. Before SLOAN, P. J.

The facts are stated in the opinion of the Superior Court.

The defendant submitted the following point:

"There being no dispute in the evidence in the case, but that the alleged misrepresentations were made in reference to a contract consummated on Sunday, there can be no recovery in the case."

Answer: "That point we refuse as it stands. That is a matter that you have nothing to do with. We have re-

served the point and that can be determined later notwithstanding your verdict in the case."

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Errors assigned,* among others, were refusal of defendant's point, reciting point and answer, and for refusal to enter judgment for defendant n. o. v.

*Don C. Corbett,* and with him *F. J. Maffett, H. M. Rimer* and *H. E. Rugh,* for appellant.

The contract was executory and cannot be enforced because it was made on Sunday: Mohney v. Cook, 26 Pa. 342; Cook v. Foraker, 193 Pa. 461; Foreman v. Ahl, 55 Pa. 325; Act of April 22, 1794.

*W. L. Calkins,* and with him *Theo. L. Wilson* and *John W. Reed,* for appellee.

Contracts made on Sunday are invalid only by force of the statute, and not at common law: Kepner v. Kepner, 6 Watts 231; Shuman v. Shuman, 27 Pa. 90; Dale v. Kneep, 98 Pa. 389.

While prohibited contracts receive no legal protection the parties to such contracts are not outlawed, and their lawful property is under the protection of the State: Mohney v. Cook, 26 Pa. 342.

OPINION BY PORTER, J., February 28, 1919:

This action is in trespass and the plaintiff's statement contains all the elements essential to an action on the case for deceit. The statement averred that, on or about July 31, 1915, the plaintiff sold and delivered to the defendant an automobile for $450 and at the same time agreed to sell and deliver to the defendant shingles at $4.40 per thousand to the amount of $150 and did on or about the 12th day of August, 1915, in pursuance of said agreement, furnish and deliver to the defendant, shingles

to the value of $149.60; that at the time the automobile was sold and delivered to the defendant the latter stated that he did not have the money to pay for it, but had a note for $600 that was good and if the plaintiff would accept this note he would take the automobile, which proposition was accepted by the plaintiff, who took the note and surrendered possession of the automobile.   The statement further averred that the defendant represented that the note was a judgment note made by John K. Campbell who was financially responsible, that the note was as good as gold, that the defendant himself was either on the note or would go on it, that the reason he wanted to dispose of it was because the maker was a neighbor of his and he did not wish to enforce payment, and that plaintiff relied on these representations in taking the note.   It averred that these representations were false and were made by the defendant knowingly, falsely and fraudulently; that the maker of the note was not financially responsible, but had recently been discharged from bankruptcy; that the defendant was not upon the note, and that it was dark when defendant delivered the note to the plaintiff, who had no opportunity to detect the falsity of the representation.   The plaintiff recovered verdict and judgment in the court below and the defendant appeals.

While this action sounds in trespass, the plaintiff's right was founded upon contract.   Conceding all the averments of the statement to be established by evidence, the measure of damages will be the difference between the value of what the plaintiff was to receive under the contract, and the value of what he really did receive. There was no other standard.   It was incumbent on the plaintiff in the outset to prove the fraud, the contract, the representations, their falsity, and the extent of the injury resulting therefrom:  Stetson v. Croskey, 52 Pa. 230;  Martachowski v. Orawitz, 14 Pa. Superior Ct. 175. It was admitted that the parties had bargained for an exchange of the judgment note of Campbell for the auto-

mobile and the shingles, that they had come to an agreement and the defendant delivered the note to the plaintiff and took possession of the automobile and that the shingles were subsequently delivered. There was a controversy, under the evidence, as to whether the representations in question had been made, which question the verdict of the jury determined in favor of the plaintiff. The defendant had asked for binding instructions in his favor, and afterwards moved for judgment non obstante veredicto, the refusal of which motion is now assigned for error.

The evidence produced by the plaintiff, as well as that of the defendant, established beyond controversy that the contract was made on Sunday, August 1, 1915, and that the note and the automobile were on that day exchanged. There was no evidence from which a jury should be permitted to infer that there had been any contract made prior to that date. The only incident of the transaction occurring on any other day was the subsequent delivery of the shingles, which completed the execution of the contract. The rights of the plaintiff were founded upon this contract, the fruits of which he is attempting to gather in this action. The making of the contract involved a violation of the Act of April 22, 1794, which imposes a penalty for doing business of this character on Sunday. That statute, however, merely pronounces a penalty for violation of its provisions, and does not expressly annul or avoid the act done. In this respect it differs from the statutes against gaming which avoid all contracts made in violation of their provisions, and give a right of action to recover back moneys paid or lost. The effect which has been uniformly given to this statute is that contracts made on Sunday are unlawful, because a penalty implies a prohibition though there are no prohibitory words in the statute. The doctrine of the cases is that the law will not lend its aid to enforce a contract made in violation of the provisions of the statute. The law does not help the parties to the

transaction either to performance, or to relief from performance already had, but leaves them as it finds them. Such contracts are not absolutely void, if the parties perform them. They are then executed contracts, and the State will protect title thus created, against all wrongdoers. The courts refuse their aid to parties to such contracts, the test being whether the plaintiff requires the illegal transaction to establish his case: Mohney v. Cook, 26 Pa. 342; Shuman v. Shuman, 27 Pa. 90; Foreman v. Ahl, 55 Pa. 325; Fowler v. Scully, 72 Pa. 456; Whitmire v. Montgomery, 165 Pa. 253. This plaintiff may have been deceived by the representations made by the defendant, but the false representations could not possibly have worked him any injury if he had not entered into any contract upon the faith of them, the deceit was an incident of the contract. The plaintiff could not present his case without producing evidence of the contract, and when he presented that evidence, it disclosed that the contract was unlawful. What the plaintiff was attempting to do was garner the fruits of an unlawful contract. This the courts cannot assist him to do. The specification of error is sustained.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment in favor of the defendant non obstante veredicto.