## Ankeny, Admr., v. Lohr, Appellant.

Argued April 25, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Frank P. Barnhart,* for appellant.—A note given on Sunday is unenforcible: Kepner v. Keefner, 6 Watts 231; Cook v. Forker, 193 Pa. 461.

*D. P. Weimer,* for appellee.—Where a Sunday contract has been fully executed the law will decline to interfere and relieve the complaining party: McKee v. Verner, 239 Pa. 69; Williams v. Phila. Rapid Transit Co., 257 Pa. 354.

Opinion by Trexler, P. J., July 10, 1930:

The first question presented is whether judgments entered by confession after the death of a plaintiff by his administrator without formal substitution appearing on the record are valid? There were three judgments in the amounts of $1,100, $980 and $700, respectively, all entered February 13, 1926, against Breckenridge Lohr, the appellant, and in favor of E.

M. Ankeny, administrator of C. G. Straub. A petition to open the judgment was presented and contained, inter alia, an allegation that the judgments were void because entered after the death of the plaintiff, C. G. Straub, and before the substitution of his personal representative. After testimony was taken the judgments were opened. At the trial, it was shown that Straub died sometime in December, 1925, and Ankeny was duly appointed thereafter administrator to settle up the estate. There was therefore on the record a plaintiff who properly represented the estate of the decedent, who was the original holder of the note. There is no question that he was the proper party. If suit had been brought on the note, ignoring the warrant, it would have been in his name as administrator of the deceased payee. Under these circumstances, we see no merit in the contention of the defendant that the failure to suggest the appointment of Ankeny as administrator at the entry of the judgment prevents recovery. Moreover, under the equitable powers of the court, after the judgments were opened, the omission to suggest the appointment of the administrator, if material, could be supplied by proof that he was in fact appointed. In Wilson v. Richard, 298 Pa. 17, the original note was not filed at the time the judgment was entered, but it was presented to the court at the hearing of the rule to strike off the judgment and was made a part of the record, the rule to strike off being discharged. In Fritz v. Horten, 243 Pa. 187, the warrant of attorney contained in the bond named no one in whose favor the judgment might be confessed and a judgment was sustained which was entered in favor of the obligee named in the bond "now to the use of" the assignee. We find no merit in the first proposition advanced by the appellant.

The second question is when a judgment duly entered is opened by the court without restriction or condition, can the defense be interposed that the note

was given on Sunday? When a judgment is opened generally, there is no limit to which the defense can be interposed. Any defense that may be employed in a suit at law becomes presently available: Mahoney v. Collmann, 293 Pa. 478. When it appears that the note was given on Sunday, the conclusion followed that it could not be enforced being contra bonos mores. The Act of April 22, 1794, Smiths Laws 177, prohibits the performing of any worldly employment or business on Sunday and the law will not lend its aid to enforce contracts made on that day. The courts will take judicial notice of the fact that a certain day was Sunday: Wilson v. Van Leer, 127 Pa. 371, 378. The appellee argues that the judgment, having been actually entered, it was an executed contract and the law under such circumstances will decline to interfere and relieve the complaining party from the application of his agreement, (McKee v. Verner, 239 Pa. 69, 74; Williams v. Phila. Rapid Transit Co., 257 Pa. 354, 358) but as we have already stated, the judgment was opened generally and any defense can be interposed. We can do no better than quote the words of Justice FELL in Whitmire v. Montgomery, 165 Pa. 253: ''There was an attempt in the answers to draw a distinction between executory and executed contracts, for which there was no ground in this case. The entering of judgment by confession did not make the contract to pay, of which the note was evidence, an executed contract. The agreement to confess judgment only was executed. When the judgment was opened without terms the contract to pay was before the jury, and upon this the issue was founded. There are expressions in some of the cases which are apparently misleading, but in fact not so when taken in connection with the subject under consideration. It is said in the opinion in Baker v. Lukens, 35 Pa. 146: 'Judgment was regularly entered on the warrant of attorney, and it thus became a contract executed.' The appeal was

from the refusal of the court to strike off a judgment entered upon a warrant of attorney dated on Sunday, and the judgment was affirmed upon the ground that the contract to confess judgment had been executed and that the plaintiff was not seeking the aid of the court to enforce an illegal contract, but that the defendant was asking to be relieved from one which had been carried out, and that without showing any equity. This was in entire harmony with the established doctrine that the law will not lend its aid to enforce a contract made in violation of a statute, nor set aside such a contract when it has been fully executed by the parties. It refuses to aid either, and leaves them where they placed themselves. Upon the hearing of the application to open judgment in this case it might well have been urged that the agreement that judgment should be entered had been carried into effect, and that the defendant had no standing to appeal to a chancellor unless he could show an equity founded upon the fraud of the plaintiff and not upon the illegality of the date; and the judgment might have been opened on terms that the issue should be confined to the question of forgery. The judgment however was opened without terms, and it was competent for the defendant to make any legal defense." We need add nothing.

The judgments entered in Nos. 17 and 19, April T., 1930, are affirmed. The judgment entered in No. 18 is reversed and is now entered in favor of the defendant. As to such costs as are common to all three cases, the appellant is to pay two-thirds; the appellee, one-third; the other costs to follow the judgments, respectively.