## Redmond's Estate

Before Lamorelle, P. J., and Gest, Henderson, Stearne, and Sinkler, JJ.

500

*George B. Clothier* and *H. Lester Haws*, for exceptants.

*Joseph P. Gaffney*, contra.

PER CURIAM, October 19, 1934.—The exceptions filed by four of the next of kin (all nephews) of the intestate, go to the ruling of the learned auditing judge allowing the claim of a niece in the sum of $15,000, based on an acknowledgment by the intestate of such amount as a debt, and agreed to in a release under seal executed by the exceptants and another niece and a nephew, all next of kin.

The questions raised involve the validity of the acknowledgment of an indebtedness in such sum; the effect of the validity of the release executed by all the next of kin affected thereby; execution of such paper on Sunday by two of them; failure of the auditing judge to rule on its validity; whether or not the administratrix (who claims individually as a creditor) is a trustee and, if so, precluded from using such release, and, finally, the administratrix's right to commissions.

The facts found and the rulings thereon are set forth at length in the adjudication. So far as the commissions are concerned, as such matter is primarily for the auditing judge, in the absence of clear error, his conclusion is to be followed, and in the instant case it is confirmed by us. We are also of opinion that the other questions before him were properly decided. The acknowledgment by the intestate in her lifetime that she was indebted to her niece was and is supported by her election to treat as a debt money contributed by that niece to the intestate and by work performed over a period of many years; Donohoe's Estate, 271 Pa. 554, upon which exceptants rely, is sound on the facts in that case, which are essentially different from those in that now before us. It may be added that this obligation (admission of a debt) was delivered to the claimant by her aunt in the latter's lifetime.

That the release was executed by two of the exceptants on Sunday does not make the paper invalid. It was not executory: Williams v. P. R. T. Co., 257 Pa. 354; and further, no fraud or imposition is shown, the weight of the testimony favoring our view that those who executed such a writing, under seal, are legally estopped from disputing the effect to be given the document. The fact that the niece was both creditor and administratrix does not, on the facts of the present case, prevent her using such paper for the purpose for which it was signed. The paper sets forth in detail the acknowledgment by the intestate, so that there was in effect a full disclosure, and nothing was withheld from them.

Being of one mind not only as to the justice but also as to the legality of the claim, we dismiss all exceptions and confirm the adjudication absolutely.