## Burig v. Washington County Commissioners

*Adam L. Sanders* and *Anthony L. Marino,* for plaintiff.

*David H. Weiner* and *H. Russell Stahlman,* for defendants.

HUGHES, P. J., March 29, 1943.—This matter came before the court on a petition for a declaratory judgment, wherein the following facts were agreed upon:

John A. Burig was the duly-elected, qualified and acting assessor in and for Donegal Township, Washington County, Pa., and as such, on May 29, 1942, received from the county commissioners his precept to make the regular triennial assessment, in accordance with The General County Assessment Law of May 22, 1933, P. L. 853.

Thereafter, the assessor faithfully performed his duties and made the triennial assessment, making return thereof to the office of the county commissioners on September 11, 1942. On that date he made a return under oath to the county commissioners of the number of days actually employed by him in the performance of the duties of his office.

This return showed him to have worked one day in May, to wit, May 29th, for which he charged $5; that he spent 32 additional days throughout August and September in assessing, at the rate of $5 a day, or a total amount of $160. He made his return on September 11, 1942, for which he charged $5, as well as mileage at three cents a mile for 26 miles, or 78 cents. The total bill presented was $170.78.

The county controller and the county commissioners have refused to approve or pay the bill so rendered, setting up the following reasons for their refusal: (1) The assessor performed part of his duties on a Sunday, to wit, August 2, 1942; (2) in calculating the number of days he used eight hours as a legal working day and charged for every hour in excess of eight hours worked in any one day in the performance of his duties as a portion of another day in calculating the compensation due him; and (3) he failed to complete the assessment and make his return before September 2nd, as will appear by the statements heretofore made.

In order to dispose of this matter we are called upon to say whether the assessor is entitled to compensation for work done on a Sunday. The Act of April 22, 1794, 3 Sm. L. 177, sec. 1, 18 PS §1991, prohibits the per-

forming of any worldly employment or business on a Sunday. The law will not lend its aid to enforce contracts made on that day, nor will it aid either of the parties who have performed any portion of their contract on that day. Under the facts before us, the assessor spent his time on August 2, 1942, in performing the duties of his office, and is now seeking from the county payment for this day's work.

As was pointed out in Ankeny, Admr., v. Lohr, 99 Pa. Superior Ct. 203, at page 206:

"The courts will take judicial notice of the fact that a certain day was Sunday: Wilson v. Van Leer, 127 Pa. 371, 378. The appellee argues that the judgment, having been actually entered, it was an executed contract and the law under such circumstances will decline to interfere and relieve the complaining party from the application of his agreement, (McKee v. Verner, 239 Pa. 69, 74; Williams v. Phila. Rapid Transit Co., 257 Pa. 354, 358) but as we have already stated, the judgment was opened generally and any defense can be interposed. We can do no better than quote the words of Justice Fell in Whitmire v. Montgomery, 165 Pa. 253: 'There was an attempt in the answers to draw a distinction between executory and executed contracts, for which there was no ground in this case. The entering of judgment by confession did not make the contract to pay, of which the note was evidence, an executed contract. The agreement to confess judgment only was executed. When the judgment was opened without terms the contract to pay was before the jury, and upon this the issue was founded. There are expressions in some of the cases which are apparently misleading, but in fact not so when taken in connection with the subject under consideration. It is said in the opinion in Baker v. Lukens, 35 Pa. 146: "Judgment was regularly entered on the warrant of attorney, and it thus became a contract executed." The appeal was from the refusal of the court to strike off a judgment entered upon a warrant of attorney dated

on Sunday, and the judgment was affirmed upon the ground that the contract to confess judgment had been executed and that the plaintiff was not seeking the aid of the court to enforce an illegal contract, but that the defendant was asking to be relieved from one which had been carried out, and that without showing any equity. This was in entire harmony with the established doctrine that the law will not lend its aid to enforce a contract made in violation of a statute, nor set aside such a contract when it has been fully executed by the parties. It refuses to aid either, and leaves them where they placed themselves . . .' " See also Smyers v. McMahon, 71 Pa. Superior Ct. 142, 145, 146.

We find the situation here to be that the assessor performed the duties of his office on August 2, 1942, and had the commissioners and controller seen fit to pay him for those services the contract would then have been an executed one, and no question could have been raised concerning the payment. Since the disbursing officers, for reasons best known to themselves, have seen fit to raise the question of the right of plaintiff to pay for the work done by him on August 2nd, as the contract is still executory, and the day for which he is seeking payment is a Sunday, he is barred from recovering payment for the work which he did on that day as a result of the defense which the parties defendant herein impose against him.

The precept of John A. Burig as assessor expired on September 2, 1942, and the statement which he has rendered indicates that he worked six days thereafter in making assessments. The duties of assessors begin when they receive their precepts to assess, and end on the return day of the assessment. They cannot receive compensation for services prior to the receipt of the precepts, nor can they be paid for work done after the expiration of their term. An assessor must complete his assessment on both real and personal property and make return thereof within the time limited by law:

Voltz v. The County of Erie, 81 Pa. Superior Ct. 467; Marquette v. County of Berks, 3 Pa. Superior Ct. 36.

John A. Burig would, therefore, not be entitled to pay for the six days he worked during the month of September after the date on which his precept was required to be returned.

The statement rendered shows that he charged: August 10th, 10 hours, 1 1/6 days; August 19th, 10 hours, 1 1/6 days; August 26th, 12 hours, 1½ days; August 31st, 10 hours, 1 1/6 days. From the statement, it is indicated that the assessor was working on the theory that he was entitled to pay for one day for every eight hours spent in assessing.

As was said in Marquette v. County of Berks, supra, p. 41: "It seems hardly needful to add that there is no authority in the county commissioners to allow the plaintiff extra pay for the excess over so and so many hours employed by him in the work of making the assessment on any or each of the fifty-three days during which the precept was in his hands, an expedient suggested at the argument. The law says that the assessment shall be returned within sixty days from the receipt of the precept; i. e. sixty days of twenty-four hours each: Kane v. Com., 89 Pa. 522; Opin. of Justices, 45 N. H. 607; Benson v. Adams, 69 Ind. 354; Hyde v. White, 24 Tex. 137; Pulling v. People, 8 Barb. (N. Y.) 385; Haines v. State, 7 Tex. App. 33. It fixes no number of hours per day to be given to the work. If the eight hour law, act of April 14, 1868, P. L. 99, has any application, directly or by analogy, to the case of assessors, it can only be by way of furnishing a measure for the minimum number of hours to be so employed each day, where that is sufficient to complete the work within the period limited. Where it is insufficient for that purpose, it is the duty of the assessor to put upon the accomplishment of his task as many of the twenty-four hours of each day as shall be consistent with a due allowance for rest, etc., and for each of these days not

exceeding sixty, he is entitled to $2.50 [$5.00]. The law thus imposes a limit, not only upon the number of days to be consumed, but also upon the compensation to be allowed. If the former shall, in any instance, be found to be absolutely inadequate to the completion of the work by the assessor, apart from the mere question of his personal qualifications, there will not, perhaps, be any difficulty in finding within the provisions of our law a satisfactory remedy. But it is safe to say that it will not be in the line of this suggestion. Neither the assessors nor the commissioners can split up the days fixed by the legislature, so as to double or treble, or in any degree increase the compensation given by it to the officers for any one day, or for the entire number of days. That would be a mere evasion of the statute." See also Commonwealth ex rel. v. Thomas et al., 328 Pa. 19, 25.

In view of this situation, there should be one full day deducted for the "overtime" for which the assessor has made claim for payment. It would therefore appear to the court that John A. Burig, as assessor, should receive payment for May 29th, the day he received his precept, payment for 24 days within the period of his precept actually spent in assessing, and payment of one day on September 11th, for making return of his assessment, as well as the mileage which he incurred, to wit, 26 miles at three cents per mile, 78 cents. This would make the total amount due him for which he could legally collect $130.78.

It is, therefore, directed that, in accordance with the stipulations entered into at the time of the filing of the petition for a declaratory judgment, judgment be entered in favor of plaintiff, John A. Burig, and against John D. Berryman, Ross R. Cummins and John N. O'Neil, Commissioners of Washington County, and Harvey H. Stuart, Washington County Controller, in the amount of $130.78, with interest thereon from September 11, 1942.

And now, March 29, 1943, judgment is directed to be entered in favor of John A. Burig and against John D. Berryman, Ross R. Cummins and John N. O'Neil, Commissioners of Washington County, and Harvey H. Stuart, Washington County Controller, in the amount of $130.78, with interest thereon from September 11, 1942.