## Devitt v. Larson Estate

*Ambrose R. Campana,* for plaintiff.

*L. Waldo Herritt,* for defendant.

GREEVY, P. J., March 23, 1970.—. . . This action is one for specific performance of a contract made on a Sunday for the sale of an old farm consisting mainly of woodland that plaintiff and his associates had been trying to buy for a number of years for hunting purposes.

The agreement having been made on Sunday initially involves "The Pennsylvania Blue Laws" Act of June 24, 1939, P. L. 872, sec. 699.4, as amended 18 PS §4699.4. The first paragraph of the act sets forth:

"Whoever does or performs any worldly employment or business whatsoever on the Lord's day, commonly called Sunday (works of necessity, charity and wholesome recreation excepted) shall, upon conviction thereof in summary proceeding, be sentenced to pay a fine of four dollars ($4), for the use of the Commonwealth, or, in default of the payment thereof, shall suffer six (6) days imprisonment."

The second paragraph defines "wholesome recreation," and the third paragraph sets forth certain exceptions to the act which are not applicable to the instant case.

This act, commonly called "The Pennsylvania Blue Laws" or "The Sunday Blue Laws," originally enacted in 1874, was reenacted and affirmed in 1939, and was amended by the legislature twice, in 1959, and again in 1961. However, the legislature did not alter the provisions that the transaction of worldly business on Sunday is generally illegal and invalid, and this relates to agreements of sale of real estate that is not for family home purposes. It has been generally held that the law will not lend its aid to enforce an executory contract made on a Sunday. See Williams v. Philadelphia Rapid Transit Company, 257 Pa. 354.

It has also been held that the illegality of a contract

is properly cognizable by the court, although such defense was not raised in the pleadings. See Howarth v. Gilman, 164 Pa. Superior Ct. 454. The defense of illegality goes to the basis of the claim, and may be raised at the trial even though it was not pleaded.

The law will not help parties to a Sunday transaction. The courts will not enforce a contract made in violation of "The Pennsylvania Blue laws," although the act does not expressly annul or void the act done. Such agreements are not void but are unenforcible in the courts unless ratified by the parties.

The mere fact that Walter E. Larson might have received $500 and kept it, is not in itself sufficient to ratify the agreement, but it would be inequitable to permit defendant to keep the $500 and to be thereby unjustly enriched.

The agreement in this case does not fall within any of the exceptions listed in the statute, nor is it covered by any of the exceptions set forth in Pennsylvania cases. There was no ratification of the agreement that would take it out of the purview of "The Pennsylvania Blue Laws" and, therefore, the law will not come to the aid of plaintiff in this case.

Ladner on Conveyancing in Pennsylvania, third ed., §5:24, at page 119, sets forth:

". . . an agreement of sale executed and delivered on Sunday under ordinary, non-necessitious circumstances, especially if the property is not to be used exclusively as a home for the purchaser, must be considered invalid and unenforcible."

The agreement shows the date of Saturday, November 11, 1967, but the testimony is clear that the agreement was entered into by Walter E. Larson on Sunday, November 12, 1967. Crossexamination of Thomas Sundstrom:

"Q. What date was it signed?

"A. It was actually signed on Sunday, the Agree-

ment is dated the 11th, which is a Saturday.

"Q. But it was actually signed on Sunday?

"A. Yes."

Therefore, it is within the prohibition of "The Pennsylvania Blue Laws" and will not be specifically enforced.

In view of the above, it is not necessary that we discuss at length the voluminous conflicting testimony as to the mental competency of Walter E. Larson, deceased, when he signed the agreement. However, we have reviewed the testimony and find that Walter E. Larson was not mentally competent at the time he entered into the agreement.

The contract is invalid and unenforceable and further, one of the parties lacked the competency to enter into the contract. Therefore, the relief of specific performance asked for will be refused.

We make the following

## CONCLUSIONS OF LAW

1. The agreement of sale being executed and delivered on a Sunday and not ratified, is invalid and unenforceable.

2. Walter E. Larson was mentally incompetent on November 12, 1967, to enter into a valid and binding agreement of sale.

3. The complaint in this case will be dismissed upon the payment to plaintiff of $500, plus interest from November 13, 1967.

4. Each party to bear his own costs.

We make the following

## DECREE

And now, March 23, 1970, upon consideration of the foregoing case, it is ordered, adjudged and decreed, as follows:

1. That upon the payment to plaintiff by defendant of $500, with interest from November 13, 1967, the complaint in this case will be dismissed.

2. That the agreement of sale recorded January 8, 1968, in Lycoming County Deed Book, vol. 534, p. 569, is invalid and of no effect.

3. That a copy of this decree be recorded in the office of the Recorder of Deeds in and for Lycoming County, properly indexed, and a notation entered on the margin of the page where said agreement of sale is recorded.

4. Each party to bear his own costs.

The prothonotary is ordered to enter this decree nisi and to give notice to the parties, or their counsel of record, of the entry of this decree, and if no exceptions are filed within 20 days thereafter, the decree shall be entered as a final decree by the prothonotary as of course.